THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FELIX VISKNISKKI, Plaintiff in Error.

*Opinion filed October 26, 1912.*

1. CRIMINAL LAW—*information filed by State's attorney himself need not be supported by affidavit.* Under paragraph 207 of the Courts act, relating to criminal offenses cognizable in a county court, an information purporting to be filed by the State's attorney in his official capacity need not be supported by affidavit.

2. SAME—*defective affidavit is not ground for quashing information.* The affidavit is no part of the information, and defects in such affidavit are not ground for quashing the information.

3. SAME—*evidence of similar offenses is admissible to show guilty knowledge.* In a prosecution for knowingly leasing rooms to another for gambling purposes, evidence that the rooms had been rented on two previous occasions to the same party and that they were used under such lettings for gambling purposes is admissible to show guilty knowledge or intent on the part of accused.

4. SAME—*the county court may summon juror from the body of county to fill vacancy.* If, on the calling of a criminal case for trial in the county court, only eleven of the regular panel of jurors are present and the parties desire a full panel of twelve, the court is authorized by statute to order the sheriff to summon an additional juror from the body of the county.

5. SAME—*effect where the accused is deprived of testimony because witness has violated rule of court.* A defendant should not be deprived of material testimony because, without his fault, his witness has violated a rule of court requiring witnesses to remain out of the court room during the taking of other testimony; but before a court of review can reverse because of the trial court's refusal to permit the witness to testify, the record must show that the witness would have given material testimony and that his violation of the rule was without the knowledge or fault of defendant.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the County Court of White county; the Hon. K. C. RONALDS, Judge, presiding.

CLAUDE O. ELLIS, for plaintiff in error.

W. H. STEAD, Attorney General, WILLIAM L. MAR-
TIN, State's Attorney, and JOEL C. FITCH, (THOMAS E.
GILL, and JAMES R. WILLIAMS, of counsel,) for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

William L. Martin, as State's attorney in and for
White county, filed an information in the county court,
the fourth count of which charged that plaintiff in error,
Felix Viskniskki, on or about the fifteenth day of Decem-
ber, in the year of our Lord one thousand nine hundred
and eight, at and within the county of White aforesaid, in
the State of Illinois, "did unlawfully then and there know-
ingly rent to some person or persons to the said State's
attorney unknown, certain rooms in the rear of the second
story of the brick building owned by him, the said Felix
Viskniskki, and situated on the south-west half of the
north-east half of lot No. 96, in the town (now city) of
Carmi, in said county and State, for the purpose of keep-
ing in the said rooms, in the building aforesaid, then and
there a common gaming house, contrary to the form of
the statute in such case made and provided and against the
peace and dignity of the same People of the State of Illi-
nois." The information was signed by the State's attor-
ney in his official capacity, and purports throughout to be
an information filed by William L. Martin, in his capacity
as State's attorney, on behalf of and in the name of the
People of the State of Illinois. To this information an
affidavit of Jesse Grissom was attached, which stated that
"the within information against Felix Viskniskki is true,
as he is informed and believes." The first, second and
third counts of the information were dismissed on the mo-
tion of the State's attorney and the cause went to trial
upon the fourth count. Plaintiff in error was found guilty
under said count and a fine assessed against him of $150.
A writ of error was sued out from the Appellate Court for
the Fourth District. Upon a consideration of the case by

255 — 25

the Appellate Court the judgment of the county court was reversed because of alleged erroneous instructions given on behalf of the People. (*People* v. *Viskniskki,* 155 Ill. App. 292.) Upon the cause being remanded to the county court it was again tried, and plaintiff in error was again convicted and a fine of the same amount imposed as in the first judgment against him. Plaintiff in error again sued out a writ of error from the Appellate Court and that court has affirmed the second judgment against him. He now seeks a further review of the judgment against him by this court and for that purpose has sued out the present writ of error.

Plaintiff in error contends that the evidence is insufficient to sustain the judgment against him. A brief reference to the facts will show that this contention cannot be sustained. Plaintiff in error owned a two-story building in the city of Carmi, in White county. In December, 1908, he rented two of the rooms on the second floor to Mark Huff at eight dollars per month. Huff testified that when he applied to plaintiff in error to rent the rooms he informed him that he wanted to rent them for poker rooms and for gambling purposes. At the time the conversation occurred in which Huff claims to have informed plaintiff in error of his purpose in renting the rooms no one was present except Huff and plaintiff in error. Later, Huff, in company with Clark Bolden, went to the office of plaintiff in error, which was on the second floor of the building and across the hall from the rooms which Huff was seeking to rent, to close up the contract for the rooms. Huff and Bolden both testified that on this occasion the purpose for which the rooms were being rented was referred to and discussed. Bolden testifies that Huff paid one month's rent at that time; that plaintiff in error asked Huff if he had a table, chairs and chips, and Huff replied that he did not have all of the furnishings that he would need; that thereupon plaintiff in error said, "I have a table and chips that

I will sell you," and he priced the table at $1.50 and the chips at fifty cents; that Huff agreed to buy the table and chips from plaintiff in error but told him that he could not pay for them then; that he would pay as soon as the game got to going good.

The evidence is undisputed that Huff rented the rooms in question with the intention of using them for gambling purposes, and that after he moved in he ran a poker game in them and used them for no other purpose. The point that the plaintiff in error makes is that he did not rent the rooms with knowledge that they were to be used for that purpose. In addition to the direct testimony of the witnesses Huff and Bolden the proof shows that plaintiff in error had an office in the same building on the opposite side of the hall from the rooms occupied by Huff. It also appears that plaintiff in error frequently observed men going in and out of Huff's rooms. The evidence also shows that plaintiff in error was notified that gambling was being conducted in Huff's rooms with the doors open, and that plaintiff in error then called upon Huff and told him he must keep the door closed and to be careful not to allow any minors in his rooms.

Evidence was introduced tending to show that the witness Huff had a bad reputation for truth and veracity in the neighborhood in which he resided. The impeaching evidence directed against Huff and the denial by plaintiff in error of any knowledge that the rooms were to be used as a gaming house is relied on by plaintiff in error to meet the evidence of the People. In addition to this testimony plaintiff in error introduced and relied on a written lease, which recites, among other things, that "the said rooms are rented to the said Huff to be used as sleeping rooms, living rooms, office rooms, or social rest and pastime while not at actual labor. The said rooms are to be occupied by himself and invited friends the same as residence property might be, for lawful use only. The said Huff further

agrees to pay the said Viskniskki, or his order, the amount of rent and on the terms stated above. The said Huff further agrees that he will not permit any gambling or unlawful conduct in said rooms, or spill water or other fluid on the floor so that it will run to the floor below, or to disturb or annoy other tenants, and agrees that he himself, and his friends, will conduct themselves in an orderly, respectable manner." Plaintiff in error contends that this written lease affords incontrovertible evidence of the innocence of his purpose in renting Huff these rooms. We hope we are not unduly incredulous, but when the language quoted from this lease is carefully analyzed we are constrained to believe that it bears unmistakable evidences of an attempt on the part of plaintiff in error to provide himself in advance with a means of escape should a charge be brought against him that he had rented these premises for a gaming house. The purposes for which the rooms were rented are stated in the lease with suspicious particularity. Thus, it is said the rooms are to be used as "sleeping rooms, living rooms, office rooms, or social rest and pastime while not at actual labor." It will be seen that plaintiff in error was very liberal with his tenant. He was given the privilege of sleeping in the rooms and living in the rooms, and also to use the rooms as offices and for "social rest and pastime while not at actual labor." Whether playing poker can be classified as "social rest and pastime" or would come under the head of "actual labor" we are unable to determine. It might possibly have been understood that when the game was running at full speed that was a period of "actual labor," and when the players had dispersed who had been unfortunate and lost all the money they had and Huff and the winners were discussing how they did it and waiting for other customers that would be regarded as "a social rest" period. The plaintiff in error, apparently not satisfied that his innocent purpose was sufficiently manifested by the enumeration of the specific purposes for which said rooms were to be used,

in order to remove any lingering doubts that might remain of his innocent purpose, adds the significant phrase that "said rooms are to be occupied by himself and invited friends the same as residence property might be, for lawful use only." We think that plaintiff in error must be given credit with having made a laborious effort, in drafting this lease, to show that he had no suspicion that his tenant intended to use the rooms for an unlawful purpose. If his effort in this regard fails of its purpose it will not be because he did not do enough but because he did too much.

The contention that the verdict is not supported by the evidence cannot be sustained.

Plaintiff in error contends that the court erred in refusing to quash the information. The objection made is that the affidavit attached to the information is insufficient. To this contention two satisfactory answers may be made. First, the information is filed by the State's attorney in his official capacity, and no affidavit in such case is required. Paragraph 207 of chapter 37 of Hurd's Statutes of 1909 provides: "All offenses cognizable in county courts shall be prosecuted by information of the State's attorney, Attorney General, or some other person, and when an information is presented by any person other than the State's attorney or Attorney General, it shall be verified by affidavit of such person." Plaintiff in error concedes that the statute above quoted authorizes the presentation of an information by the State's attorney without any affidavit, but he urges that this statute is unconstitutional, as being in violation of section 6 of the bill of rights. The constitutional question suggested was waived by the plaintiff in error by removing his case to the Appellate Court, and he cannot now be heard in this court upon that question. (*Poe* v. *Ulrey*, 233 Ill. 56; *Town of Scott* v. *Artman*, 237 id. 394.) Secondly, even if the affidavit were defective, (which we do not find it necessary to determine,) it is no part of the information, and any defects therein would

afford no reason for quashing the information. *Long* v.
*People,* 135 Ill. 435; *Samuel* v. *People,* 164 id. 379.

On the trial of this case the People were permitted
to prove, over the objection of plaintiff in error, that the
premises involved had been rented on two former occa-
sions to the same party and that they were used under
those lettings for gaming purposes. Plaintiff in error in-
sists that the admission of this evidence was error. To
this we cannot assent. The charge against plaintiff in er-
ror is that he rented these rooms for the purpose of keep-
ing therein a common gaming house. In order to sustain
the precise charge made against plaintiff in error it was
incumbent upon defendant in error to prove that the prem-
ises were let with the knowledge and expectation on the
part of plaintiff in error that they would be used for the
unlawful purposes charged. It was therefore necessary to
prove the element of guilty knowledge in order to sustain
the charge. The law is well settled that evidence of other
similar offenses is competent to show guilty knowledge, no-
tice or intent. (*Lipsey* v. *People,* 227 Ill. 364; *People* v.
*Hagenow,* 236 id. 514; *People* v. *Weil,* 244 id. 176; *Peo-
ple* v. *Jennings,* 252 id. 534.) There was no error in the
ruling complained of.

It appears that when the case was called for trial in
the county court plaintiff in error objected to proceeding
with the trial because one of the jurors whose name ap-
peared upon the list of the twelve furnished plaintiff in
error did not appear. The objection was overruled and the
defendant excepted. The court then ordered the sheriff to
summon a juror from the body of the county to take the
place of the absent juror. This being done, plaintiff in
error, without further objection, proceeded with the trial.
He now assigns error upon the action of the court in this
regard. It is not very clear from his brief just what it is
that plaintiff in error complains of in this regard. The
only objection which he made was to proceeding with the

trial, and this was overruled. There was no challenge to the array of jurors nor to any of them for cause. It does not appear in what respect plaintiff in error was injured by the course pursued. There was no irregularity in the manner in which the jury was obtained to try this cause. If, when the case was called, there were only eleven jurors of the regular panel present and the parties desired a full panel of twelve before proceeding, the court was authorized, by section 12 of chapter 78 and paragraph 200 of chapter 37 of Hurd's Statutes of 1909, to order the sheriff to summon an additional juror from the body of the county. Under paragraph 200 of chapter 37 the county court, when sitting for jury business, has the same power in reference to selecting jurors that circuit courts have.

Before the trial was entered upon, a rule was entered requiring the witnesses to remain out of the hearing of the court during the taking of the testimony. Plaintiff in error called his daughter as a witness, and an objection to her testifying was made and sustained on the ground that she had been present in court during the hearing of the evidence. Plaintiff in error assigns this ruling as error. There is no showing in this record what the witness would have testified to if she had been examined, nor is it shown that the presence of the witness in court was without the knowledge or fault of plaintiff in error. A party should not be deprived of material testimony because a witness, without his knowledge or fault, violates the rule of the court, but before a reviewing court would be justified in reversing a judgment because the court had refused to allow a witness to testify, it should be made to appear that the party offering such witness had been deprived of material testimony without his fault.

Plaintiff in error complains of instructions Nos. 2 and 4 given on behalf of defendant in error. The criticism of these instructions is general and does not point out any particular objections thereto. We are unable from the

brief of plaintiff in error, or from an examination of the instructions themselves, to discover any objection to them.

There are some other minor matters complained of in the brief of plaintiff in error but none of them seem to be of sufficient importance to require discussion. Plaintiff in error has been found guilty of this offense by two juries, and we are satisfied, from an examination of the entire record, that substantial justice has been done.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*