### The People of the State of Illinois, Defendant in Error, v. Charlie Lee, Plaintiff in Error.

### Gen. No. 19,684. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed March 11, 1914. Rehearing denied March 24, 1914.

## Statement of the Case.

Information by The People of the State of Illinois charging Charlie Lee with unlawful acts contributing to the delinquency of Nellie Furlong, a female child under the age of eighteen years. Defendant was found guilty by the Municipal Court "in manner and form as charged in the information" and sentenced to confinement at labor in the House of Correction for six months. To reverse the judgment, defendant prosecutes error.

FRIEDMAN & ADER, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. INFANTS, § 5a*—*when information charging defendant with contributing to delinquency of female child sufficient.* An information charging in substance that the defendant unlawfully encouraged the delinquency of a female child and did acts contributing to conditions which rendered her a delinquent child, and that the defendant took such female child and lived with her as man and wife contrary to the form of the statute, etc., *held* sufficient after verdict in the absence of a motion to quash it as against objections that it omitted the words "as defined by the statutes of this State" and "as so defined", and that it did not state in what particulr the female was or had been delinquent.

2. INDICTMENT AND INFORMATION, § 11*—*when information not vitiated by indorsement on margin.* An information charging the commission of an offense on July 10, 1913, is not vitiated by a statement on the margin thereof signed by the clerk "William F. Bowler resworn July 15, 1913," where there is no indication on the face of the information that it was amended by erasing any former date, and the record does not recite that it was amended in that manner or otherwise.

3. INDICTMENT AND INFORMATION, § 18*—*verification of information.* When an information is presented by a party other than the

State's Attorney, it must, under the Municipal Court Act, be sworn to by him, and his affidavit in due form should be appended thereto and subscribed by him, and the jurat of the officer in due form should also be appended and signed by him in his official capacity.

4. INDICTMENT AND INFORMATION, § 20*—*verification of amended information.* Where an information is amended in court, it must be reverified by the prosecuting witness, and a new affidavit and jurat in due form should be appended and subscribed by the prosecuting witness and the officer in the same manner as originally.

5. CRIMINAL LAW, § 497*—*presumption as to amendment of information.* It cannot be presumed that an information was amended from a showing that leave to amend was granted.

6. CRIMINAL LAW, § 372*—*what constitutes judgment.* The announcement of the court or the judge's minutes are no part of the judgment proper, and cannot be so considered; they merely serve as indicators for the correct recording of the judgment and sentence in the record by the clerk.