(No. 11414.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. NELLIE CLARK, Plaintiff in Error.

*Opinion filed October 23, 1917.*

1. CRIMINAL LAW—*information must be sworn to before warrant can issue.* To comply with section 6 of the bill of rights in the constitution an information charging the commission of a crime must be sworn to or there must be a sworn complaint or affidavit before a warrant can issue.

2. SAME—*section 117 of the County Court act, regarding prosecutions by information, is unconstitutional.* Section 117 of the County Court act, regarding prosecutions by information in county courts, in so far as it does not require the information to be sworn to when made by the State's attorney or Attorney General, is in violation of section 6 of the bill of rights of the constitution, protecting persons and property from warrants issued without affidavit.

CARTER, C. J., and DUNCAN, J., dissenting.

WRIT OF ERROR to the County Court of Kankakee county; the Hon. J. H. MERRILL, Judge, presiding.

E. P. HARNEY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, WAYNE H. DYER, State's Attorney, and C. W. MIDDLEKAUFF, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the court:

On February 5, 1917, an information containing six counts was filed in the county court of Kankakee county by the State's attorney of that county, the first three counts charging plaintiff in error and one Flanigan with keeping a house of ill-fame and the last three counts charging them with being inmates of a house of ill-fame. The information was not sworn to by any person and there was no affidavit by anyone as to the truth of the charges in said information. Upon the filing of the information the court

ordered that a *capias* be issued for said defendants, return-
able forthwith, and such a *capias* was issued and giv.en to
the sheriff of the county, who arrested the defendants on
said *capias* the same day, and the court admitted them to
bail and set their case for hearing on the 15th day of
February, following.  On that date the defendants by their
attorney moved to quash the information and each count
thereof, which motion was overruled.  They also made a
motion to require the State's attorney to elect whether he
would ask for a conviction upon the first three counts or
the last three counts of the information, on the ground
that they charged separate and distinct offenses, which mo-
tion was also overruled.  The defendants were then ar-
raigned, plead not guilty and were put upon trial before a
jury.  After the evidence was in, the motion to require the
State's attorney to elect on which counts he would ask for
a conviction was renewed and overruled, and the first three
counts of the information were dismissed as to the defend-
ant Flanigan.  The case was submitted to the jury upon
all the counts as to plaintiff in error and upon the last three
counts as to Flanigan, and a verdict was rendered finding
plaintiff in error guilty in manner and form as charged in
the first, second, third, fourth, fifth and sixth counts of
the information and finding defendant Flanigan not guilty.
A motion by plaintiff in error to set aside the verdict and
for a new trial was, upon hearing, denied.  Thereupon the
plaintiff in error made a motion in arrest of judgment on
the ground that the court erred in not compelling the State
to elect whether it would ask for a conviction upon the
first three counts of the information or upon the last three
counts, for the reason that the first three counts and the
last three counts of the information charged separate and
distinct offenses and required punishments of a different
nature, and on the further ground that the court erred in
refusing to quash the information for the reason the same
was not sworn to, contrary to the fourth amendment to
280 — 11

the constitution of the United States, which is as follows: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized;" also, that the court erred in refusing to quash the information, upon motion, for the further reason that said information was not verified, in that it was not sworn to, contrary to section 6 of article 2 of the constitution of the State of Illinois, which is as follows: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrants shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the persons or things to be seized." The motion in arrest of judgment was overruled, and the court sentenced the plaintiff in error to pay a fine of $200 on each count of the information and to serve one year in the county jail on the fourth, fifth and sixth counts of the information, the imprisonment under the fifth count to begin at the expiration of imprisonment under the fourth count and the imprisonment under the sixth count to begin at the expiration of the imprisonment under the fifth count, and that she be confined in the county jail until the fine and costs should be fully paid. The plaintiff in error has sued out a writ of error from this court on the ground that a constitutional question is involved.

Numerous errors have been assigned on the record, but the only ones argued and which we will consider are the refusal of the court to quash the information for the reason that it was not sworn to, and in issuing the warrant for the arrest of the plaintiff in error and holding her thereunder for trial when such warrant or *capias* was not based on an affidavit, in contravention of the provisions

of the constitutions of the United States and of this State above set out.

The plaintiff in error was prosecuted under section 117 of the County Court act, (Hurd's Stat. 1916, p. 804,) which provides as follows: "All offenses cognizable in county courts shall be prosecuted by information of the State's attorney, Attorney General or some other person, and when an information is presented by any person other than the State's attorney or Attorney General, it shall be verified by affidavit of such person that the same is true, or that the same is true as he is informed and believes. Before an information is filed by any person other than the State's attorney or Attorney General, the judge of the court shall examine the information, and may examine the person presenting the same, and require other evidence and satisfy himself that there is probable cause for filing the same and so indorse the same. Every information shall set forth the offense with reasonable certainty, substantially as required in an indictment, and may be filed either in term time or in vacation, and the proceedings thereon shall be the same, as near as may be, as upon indictment in the circuit court, except as herein otherwise provided. Nothing in this act shall be construed to affect the jurisdiction of justices of the peace."

As to whether this section is in contravention of section 6 of our bill of rights has never been squarely passed on in this State. In *Myers* v. *People,* 67 Ill. 503, an information filed in the county court was not sworn to but was filed by the State's attorney pursuant to the sworn complaint of another, and upon the filing of the sworn complaint the court granted leave to the State's attorney to file the information. In that case the court said, on page 510 of the opinion: "There was an affidavit in this case which states, substantially, all that was required to be stated, though not so fully and formally as should be, and on which, if false, perjury could be assigned. We are of the

opinion that the fifth section of the County Court act should be construed with reference to the sixth section of the bill of rights, which declares that 'no warrant shall issue without probable cause, supported by affidavit,' etc. If informations could be filed upon which a warrant for arrest may issue without affidavit the door would be opened to intolerable abuses. Every man's liberty would be at the mercy of the caprice or malice of the State or county attorney." In *Parris* v. *People,* 76 Ill. 274, an information was sworn to by a private citizen. It was held that an information in the county court should charge the accused positively with the commission of an offense, and that it is not sufficient to make such charge on information and belief. In *Gallagher* v. *People,* 120 Ill. 179, it was held that where an information is filed by the State's attorney in his name and is signed by him, the fact that it is accompanied by an affidavit of a private citizen that the matters therein stated are true will not render the information that of the latter so as to require the indorsement thereon of the probable cause by the county judge. In *Long* v. *People,* 135 Ill. 435, it was held that an information signed by the State's attorney, though sworn to by the prosecuting witness, was an information by such officer, and that the affidavit attached to the information was not to be treated as any part thereof; that its only use was to authorize the arrest of the defendant. In *People* v. *Viskniskki,* 255 Ill. 384, the point was raised that section 117 of the County Court act, above set out, was unconstitutional, as being in violation of section 6 of our bill of rights, but was not passed upon by this court for the reason that the plaintiff in error had waived that question by removing his case to the Appellate Court and could not be heard in this court upon that question. In that case an affidavit was, in fact, attached to the information but it was claimed to be defective. In *Lustig* v. *People,* 18 Colo. 217, it was held, under a constitutional provision similar to section 6 of our bill of rights, that an

information must be sworn to; and in *State* v. *Gleason*, 32 Kan. 245, and *State* v. *Bolter*, 5 Wyo. 236, it was held that under similar constitutional provisions the information must not only be sworn to, but that an information sworn to on information and belief was insufficient. In *Salter* v. *State*, (Okla.) 25 L. R. A. (N. S.) 60, it was held that an information must be verified, and that a statute which permitted the State's attorney to verify the same on information and belief was repugnant to a constitutional provision similar to section 6 of our bill of rights. In *Lippman* v. *People*, 175 Ill. 101, we held that section 6 of our bill of rights, providing that no search warrant shall issue without probable cause, supported by affidavit, requires the affiant to state facts sufficient to satisfy the magistrate that probable cause exists for issuing the warrant, and that an act which attempts to substitute the mere belief of the owner of property or his agent that probable cause exists for issuing a search warrant for the judicial discretion of the magistrate, and which authorizes a warrant to issue without a showing of facts but upon mere belief or suspicion of the affiant, is unconstitutional.

Section 6 of our bill of rights, which is substantially the same as the fourth amendment to the constitution of the United States, expressly declares that no warrant shall issue without probable cause, supported by affidavit. This section is self-executing and its language is too plain to be misconstrued. The only authority for the arrest of the plaintiff in error and holding her for trial was the *capias* or warrant, and the only foundation for the warrant was the information. To comply with section 6 of the bill of rights, and the laws of this State as construed and announced in the foregoing decisions, either the information itself must be sworn to or there must be a sworn complaint or affidavit charging a violation of the law before a warrant can issue.

It is contended that the information is sufficient and that it is not required to be sworn to when made by the Attorney General or State's attorney. There is no question but that the statute so provides, and there is equally no question but that such statute is squarely in contravention of the provisions of section 6 of our bill of rights. In this respect it is different from other methods of criminal prosecution provided by the statute. In criminal offenses of which a justice of the peace has jurisdiction there must be a sworn complaint before a warrant can issue, and where a *capias* is issued upon an indictment being returned into the circuit court the indictment is always founded upon the sworn testimony of witnesses before the grand jury, ·or the presentment of not less than two members of such grand jury who are empaneled and sworn to diligently inquire into and true presentation make of all such matters and things given them in charge or brought to their knowledge, and an indictment returned in open court is always upon the presentment of the grand jurors on their oaths. The only other instance where an arrest or seizure is at all justifiable is where an offense is committed in the presence of the officer or person making the arrest, and in such case there must be a sworn complaint or indictment before trial to set the machinery of the law in motion.

It is argued that the oath of office taken by the Attorney General or State's attorney takes the place of the oath required where an information is made by a private citizen. The method of prosecuting persons accused of crime by information filed by the king's Attorney General or by his coroner or master of the crown office in the court of king's bench is of ancient common law origin. (4 Blackstone's Com. 309.) It seems that this method of procedure by certain of the king's officers led to abuses and dissatisfaction, and as early as the fourth year of the reign of William and Mary a statute was enacted by parliament which provided that such informations should not be filed without

the sanction of the court and security given that the same should be prosecuted with effect and for the payment of the costs of the defendant in case he were acquitted. There was a proviso in the act that it should not extend to any other informations than those which were exhibited by the master of the crown office, and informations at the king's own suit, filed by his Attorney General, were not restrained thereby. (4 Blackstone's Com. 312.) Whether the Attorney General of the State can file an unsworn information under his common law powers or under the constitution is not involved in this case. We see no good reason why a person should be arrested on the unsworn complaint or information of the State's attorney any more than on the unsworn complaint of a private citizen or on no complaint at all. While the State's attorney is a sworn officer, and it is his duty, under the law, among other things, to commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in any court of record, in which the people of the State of Illinois may be concerned, the oath of office which he takes is a general one to support the constitution of the United States and the constitution of the State of Illinois and to faithfully discharge the duties of his office to the best of his ability, and these duties embrace a great many other things besides the prosecution of criminal cases. There is no reason for saying that his general oath of office takes the place of the oath required by the constitution where a citizen is to be deprived of his liberty. In this case the sole foundation of the prosecution was the information, and it was not sworn to. We think it was insufficient to support the warrant and the holding of plaintiff in error for trial, and the motion to quash the information and the motion in arrest of judgment should have been allowed.

The judgment of the county court will be reversed.

*Judgment reversed.*

CARTER, C. J., and DUNCAN, J., dissenting.