DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1918.

---

## The People of the State of Illinois, Defendant in Error, v. Tom Bell, Plaintiff in Error.

1. INDICTMENT AND INFORMATION, § 59*—*when motion to quash information is good.* A motion to quash an information or in arrest of judgment in a criminal case, on the ground that the information on which the judgment is based was not supported by affidavit, is good.

2. CRIMINAL LAW, § 413*—*when question of defect in information must be raised.* In cases of misdemeanors, where fines only are imposed, the question of defect in the information because of lack of an affidavit must be raised in the trial court, and cannot be raised for the first time on appeal.

3. CRIMINAL LAW, § 577*—*when constitutional question waived.* A party seeking to reverse a judgment in a criminal case, where only a misdemeanor is involved, waives any constitutional question, where he prosecutes a writ of error to the Appellate Court.

4. GAMING, § 76*—*when conviction for keeping common gaming house sustained by evidence.* Uncontradicted evidence of witnesses on behalf of the People, in a prosecution for gambling, that back of a certain saloon was a building or room about which plaintiff was frequently seen; that persons were seen going to and from the building and congregating in and about the same, and the fur-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ther uncontradicted evidence of a witness that there were tables and chairs in the room and that one time he saw accused and others shooting craps there and that accused was banking° the game, was sufficient to warrant a conviction for keeping a common gaming house.

5. GAMING, § 77*—*when instruction in criminal prosecution for is erroneous as invading province of jury.* In a criminal prosecution for keeping a common gaming house, in violation of section 127 of the Criminal Code (J. & A. ¶ 3730), an instruction informing the jury that if a witness testified that he believed the defendant to be the person he saw gambling, that would not be a sufficient identification, was erroneous because invading the province of the jury.

6. CRIMINAL LAW, § 240*—*what is improper statement of prosecuting attorney.* It is not proper for the State's Attorney, in a criminal case, to either directly or indirectly call the attention of the jury to the fact that the defendant has not testified.

7. CRIMINAL LAW, § 450*—*how improper remarks of State's Attorney must be preserved in bill of exceptions.* In order to preserve exceptions to improper remarks of the State's Attorney in his argument in a criminal case, the bill of exceptions must set forth the remarks excepted to and the ruling of the court thereon, and the lack of this evidence cannot be supplied by affidavits, even though they may appear in the bill of exceptions.

8. CRIMINAL LAW, § 240*—*what is not improper argument of State's Attorney.* It is proper for the State's Attorney, in a criminal case, to simply state in his argument that certain evidence in the record has not been denied.

Error to the County Court of Franklin county; the Hon. NEALY I. GLENN, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed November 1, 1918.

R. E. SMITH, for plaintiff in error.

ROY C. MARTIN, for defendant in error.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

Tom Bell, plaintiff in error, hereafter called plaintiff, was tried and convicted in the County Court of Franklin county on an information consisting of two

counts, charging him with keeping a common gaming house, in violation of section 127 of the Criminal Code (J. & A. ¶ 3730), and was fined $100 and costs. To reverse said judgment plaintiff prosecutes this writ of error.

It is first contended by plaintiff in his brief and argument that the court erred in rendering judgment in said cause for the reason that the information on which said judgment was based was not supported by affidavit. This question was not raised in the court below by motion to quash or in arrest of judgment, or as a ground for a new trial. Neither is it assigned as error on the record in this case. Plaintiff's counsel cite the case of *People v. Clark,* reported in 280 Ill. 160, in support of his contention. The Supreme Court in that case in discussing the question of whether informations must be sworn to, after citing certain cases from this and other States, at page 165 says: "To comply with section 6 of the bill of rights, and the laws of this State as construed and announced in the foregoing decisions, either the information itself must be sworn to or there must be a sworn complaint or affidavit charging a violation of the law before a warrant can issue."

Beyond question, if the objection to the information that is now being urged by plaintiff had been urged in the court below by motion to quash the information or by motion in arrest of judgment, it would have been good. However, we are of the opinion that in cases of misdemeanors where fines only are to be imposed, questions of this character must be raised in the trial court and cannot be raised here for the first time. It has also been held by our Supreme Court that where a party seeking to reverse a judgment in a criminal case, where a misdemeanor only is involved, prosecutes his writ of error to the Appellate Court, he thereby waives any constitutional questions.

In the case of *People v. Viskniskki,* 255 Ill. 384, the

Supreme Court at page 389 says: "Plaintiff in error contends that the court erred in refusing to quash the information. The objection made is that the affidavit attached to the information is insufficient. To this contention two satisfactory answers may be made. First, the information is filed by the State's Attorney in his official capacity, and no affidavit in such case is required. Paragraph 207 of chapter 37 of Hurd's Statutes of 1909 [J. & A. ¶ 3243] provides: 'All offenses cognizable in county courts shall be prosecuted by information of the State's Attorney, Attorney General, or some other person, and when an information is presented by any person other than the State's Attorney or Attorney General, it shall be verified by affidavit of such person.' Plaintiff in error concedes that the statute above quoted authorizes the presentation of an information by the State's Attorney without any affidavit, but he urges that this statute is unconstitutional, as being in violation of section 6 of the bill of rights. The constitutional question suggested was waived by the plaintiff in error by removing his case to the Appellate Court, and he cannot now be heard in this court upon that question. (*Poe v. Ulrey,* 233 Ill. 56; *Town of Scott v. Artman,* 237 Ill. 394.)" And in the case of *People v. Powers,* 283 Ill. 438, the court at page 440 says: "It cannot be denied that the prosecution of the plaintiff in error under the information, which was not verified, was a violation of his constitutional right (*People v. Clark,* 280 Ill. 160; *People v. Honaker,* 281 Ill. 295); and the constitutional question could be raised by motion in arrest of judgment and on error from this court to the trial court. Section 117 of the County Court Act (J. & A. ¶ 3243) permits a prosecution upon information of a State's Attorney not verified by affidavit, but the question whether that statute violates section 6 of the bill of rights is one within the exclusive jurisdiction of this court, which cannot review a decision of the

Appellate Court except upon error of which that court had jurisdiction, and by his action the plaintiff in error elected to, and did, waive the question of the validity of the statute. *Town of Scott v. Artman,* 237 Ill. 394; *Vermilion Spec. Drain. Dist. Com'rs v. Shockey,* 238 Ill. 237; *Pittsburg, C., C. & St. Louis Ry. Co. v. City of Chicago,* 242 Ill. 178; *Luken v. Lake Shore & M. S. Ry. Co.,* 248 Ill. 377; *People v. Viskniskki,* 255 Ill. 384.

"The Appellate Court is equally bound with every other court to observe and regard constitutional rights of a litigant, and a writ of error from this court to the Appellate Court will lie on the ground that it has disregarded or violated constitutional rights. (*Sixby v. Chicago City Ry. Co.,* 260 Ill. 478.) The question of the validity of the statute in this case did not arise in the Appellate Court. It is not claimed that in the proceeding in the Appellate Court there was any violation of a constitutional right or that the court did not consider and decide every error assigned of which it had jurisdiction. The question of the validity of the statute was involved only in the trial court and cannot be considered here on the ground that it arose in the Appellate Court.  *  *  *  There was no defect in the information, which charged the offense for which the plaintiff in error was convicted, the only objection being that it was not verified, and that objection being waived, it was legally sufficient to sustain the judgment."

We therefore hold, in view of the language of the Supreme Court in the cases just quoted from, that the fact that the information was not sworn to or was not supported by affidavit cannot be raised in this court.

It is next insisted by plaintiff that the evidence does not support the verdict and the judgment rendered thereon. Several witnesses testified on the part of the People to the effect that back of a saloon known as Smith's saloon, in Zeigler, Illinois, in said county,

there was a building or room in and about which plaintiff was frequently seen; that persons were observed going to and from this building and congregating in and about the same. Walter Dial, a farmer residing in that community, testified on behalf of the People that he had seen plaintiff in and about the Smith saloon and in and about the building or room back of the same; that there were chairs in the room and two round looking tables; that he saw the plaintiff in said room paying out and taking in money; that they were running a crap game; that there were several persons in the room at the time; that it was "what would be called gambling"; that he saw "them shooting craps"; that "when the dice rolled on the table the defendant, Tom Bell, would either pay out money or take it in; that was in the spring of 1917." This witness identified plaintiff in error as the man he saw banking a crap game. Plaintiff in error did not take the stand and there was no testimony offered by him to contradict the testimony of the witness, Dial, to the effect that gambling was going on at this place and that he was there banking the game. We are therefore of the opinion that the jury were fully warranted in finding plaintiff guilty of keeping a common gaming house.

It is next insisted by plaintiff that the court erred in giving the third instruction given on behalf of the People. We have examined this instruction and are unable to see how the giving of this instruction could have prejudiced the rights of plaintiff, and we therefore hold that the giving of this instruction was not error.

It is next contended by plaintiff that the court erred in refusing to give plaintiff's refused instruction No. 1. This instruction undertakes to inform the jury that if a witness testified that he believed the plaintiff to be the person that he saw gambling, that that would not be a sufficient identification of the plaintiff. We think the court correctly refused to give this instruc-

tion, as it was for the jury to state from all the evidence in the case and all the testimony given by the various witnesses whether or not plaintiff was the person, if any one, conducting the gambling house in question.

Lastly, it is insisted by plaintiff for a reversal of the judgment in said cause that the trial court erred in not giving a new trial to plaintiff for the alleged reason that the Assistant State's Attorney commented on the fact that plaintiff did not testify. It is a well-recognized principle of law that neither directly nor indirectly is it proper for the State's Attorney to call the attention of the jury to the fact that a defendant has not testified, and to do so has frequently been held to be reversible error. Plaintiff, however, is not in a position to urge this assignment of error for the reason that the bill of exceptions does not contain the language used by the Assistant State's Attorney in his argument to the jury, nor the exceptions, if exceptions were taken, and the ruling of the court thereon. An attempt has been made by plaintiff to incorporate into the record the alleged statements of the Assistant State's Attorney by affidavits. This is not sufficient. In order to preserve exceptions to the remarks of counsel in the argument to the jury, the bill of exceptions must set forth remarks, excepted to, and the ruling of the court thereon. If counsel fail to have such remarks and the ruling of the court thereon preserved, he cannot supply the lack of this evidence by affidavits, even though the affidavits may appear in the bill of exceptions. *Mayes v. People,* 106 Ill. 306; *City of Salem v. Webster,* 192 Ill. 369; *Peterson v. Pusey,* 237 Ill. 210; *Hale v. Hale,* 169 Ill. App. 272.

In *Mayes v. People, supra,* the court at page 314 says: "The last objection to be noticed is, that the State's Attorney, in his closing argument to the jury, made certain unwarranted statements of fact. This is not shown by proper recital in the bill of exceptions,

as it should be if it is to be considered by us, but appears only in an *ex parte* affidavit of the prisoner, made and presented in support of the motion for a new trial. If the fact occurred, it is to be presumed the judge knew it, and there was no need of an affidavit to bring it to his attention. It is not even shown by the bill of exceptions that the attention of the judge was called to the subject upon the trial, or that the judge had forgotten or did not know what then occurred upon the trial. The *ex parte* affidavit of a defendant cannot thus be made to override the recitals of the bill of exceptions as to what occurred upon the trial of a criminal cause.''

Notwithstanding the record does not properly set forth the statement complained of, we have nevertheless examined the purported statement as set forth in the affidavit and we are of the opinion that it did not violate said rule for the reason that no reference is made to the fact that the defendant did not testify, but simply stated that certain evidence in the record had not been denied. This has been held to be permissible by our Supreme Court. *Bradshaw v. People,* 153 Ill. 156.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*