(No. 16760.—Judgment reversed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT AREY, Plaintiff in Error.

*Opinion filed October 28, 1925.*

CRIMINAL LAW—*affidavit to information must be sworn to positively—waiver.* The affidavit to an information must be sworn to positively so that a charge of perjury will lie if the affidavit is false, and an objection to the sufficiency of the affidavit may be made by motion to quash or in arrest, though it may be waived if not so made.

WRIT OF ERROR to the County Court of Alexander county; the Hon. D. I. KIRKHAM, Judge, presiding.

ASA J. WILBOURN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, LESLIE L. WILBOURN, State's Attorney, VIRGIL L. BLANDING, and C. F. MANSFIELD, for the People.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Albert Arey was convicted in the county court of Alexander county of a violation of the Illinois Prohibition act and sued out a writ of error to reverse the conviction.

318—20

Among other errors assigned are the denial of the plaintiff in error's motion to quash the information on the grounds that it was not verified as required by section 6 of the bill of rights and that it did not charge a violation of any law, the proceeding to the trial of the cause without any arraignment of the defendant or any plea to the information, and the denial of his motion in arrest of judgment.

The affidavit endorsed on the information was made by the State's attorney in this language: "Leslie L. Wilbourn, after being duly sworn, on his oath states that the within information against Albert Arey is true, as he is informed and believes." The defendant made an oral motion to quash the information on the ground that it was insufficient in form and substance and that it did not charge the violation of any law of the State of Illinois. The court overruled the motion, and after the trial and a verdict of guilty the defendant moved in arrest of judgment on the ground that the information was insufficient because it was verified on information and belief, only, and did not charge the defendant with the violation of any law. This motion was also overruled, and both decisions were erroneous. The affidavit to an information must be sworn to positively, so that a charge of perjury will lie if the affidavit is false, and the objection may be made by motion to quash or in arrest, though it may be waived if not so made. *People v. Clark,* 280 Ill. 160; *People v. Honaker,* 281 id. 295; *People v. Powers,* 283 id. 438; *People v. Reed,* 287 id. 606; *People v. Leinecke,* 290 id. 560; *People v. Fensky,* id. 612; *People v. Kennedy,* 303 id. 423; *People v. Shockley,* 311 id. 255. Other errors need not be considered.

The judgment is reversed.　　　　*Judgment reversed.*