The People of the State of Illinois, Defendant in Error,
v. Sam Campbell, Plaintiff in Error.

October term, 1928. Heard in this court at the Opinion filed February 1, 1929.

G. W. HILL, for plaintiff in error.

WHITSON W. DAILY, State's Attorney, for defendant in error.

MR. JUSTICE WOLFE delivered the opinion of the court.

On January 30, 1928, an information duly sworn to was filed in the county court of Hamilton county, Illinois, against the plaintiff in error, Sam Campbell, consisting of two counts, the first count being for selling intoxicating liquor, and the second, for possessing intoxicating liquor.

David J. Underwood, county judge, entered the usual order requiring bail in the sum of $1,000. At the April term of the county court of said county, the defendant was brought to trial. After the jury was impaneled and sworn, it was discovered by the State's attorney that the allegation in the second count of such information was the 15th day of October, 1928, when, in fact, it was intended to be the 15th day of October, 1927, as the time the defendant possessed intoxicating liquor. On motion of the State's attorney, leave was granted to amend this count of the information, by striking out the word "eight" and changing it to "seven" thereby changing the second count of the information charging that the defendant possessed intoxicating liquor on the 15th day of October, 1927.

The plaintiff in error objected to the second count of the information being amended, which objection was overruled by the trial court. The plaintiff in error immediately renewed his motion to quash the amended information, which was overruled.

The record in this case is in a very unsatisfactory condition and it is next to impossible to tell just what was taking place in the trial of the case, or what orders were made. However, there is one point in the case that has been raised by the plaintiff in error of which the record is sufficiently clear. This court will take cognizance of this point and decide this case upon this one question, viz., Was there a sufficient affidavit to support the second count of the amended information?

The first count of the information charges an illegal sale of intoxicating liquor, the second count, the illegal possession of intoxicating liquor. The jury, by

their verdict, has found the defendant not guilty as to the first count of the information, but guilty of the second count, or the illegal possession of intoxicating liquor. Therefore, the only question to consider in this case is the sufficiency of the second count of the information.

The information as originally filed was properly verified, but on its face showed that it was absolutely void because of an error in charging the crime at a later date than on which the information was filed, viz., on October 15, 1928, when it should have been on the 15th day of October, 1927.

"The same certainty of allegation is required in an information as in an indictment, and if an information is sworn to before the date on which the offense is alleged to have taken place the discrepancy is fatal, even in arrest of judgment." *People v. Weinstein,* 225 Ill. 530.

In the case of *People v. Zlotnicki,* 246 Ill. 185, Illinois Supreme Court, it is held: "If the original information charging a libel is insufficient because the libelous matter, or any part of it, is not set out, the filing of an amended information setting out such matter is an abandonment of the original information, and if the amended information is not sworn to by the complaining witness it is insufficient to sustain a conviction, notwithstanding the original information was so verified."

From the record in this case it cannot be ascertained whether the attempt to reverify this information was made before or after the trial in the case, but, assuming that the judge's minutes are correct, it was made before the conclusion of the trial. However, in our view of the case it is immaterial what time this notation was made. The words, "Resworn to April 12th, 1928, Roy Phipp, County Clerk," are not such a verification, or affidavit to an information that satisfies the requirements of the law. Where an information is amended in court it must be reverified by

the prosecuting witness, and a new affidavit and jurat in due form should be appended, subscribed by the subscribing witness and the officer in the manner as the original. *People v. Lee,* 185 Ill. App. 452.

In this case it does not show by whom the affidavit, or any affidavit in fact, was ever made, and it would be wholly insufficient as a verification of the amended information. An affidavit to an information must be sworn to positively so that charge of perjury will lie if the affidavit is false, and objection to the sufficiency of the affidavit may be made by motion to quash, or arrest. *People v. Arey,* 318 Ill. 305. Certainly perjury could not be predicated on the affidavit to this amended information.

In the case of the *People v. Ross,* 243 Ill. App. 427, this same question was before this court, and Presiding Justice Barry in that case says: "An affidavit on information and belief is not sufficient to support an information charging violation of the Prohibition Act, and an amendment striking from the affidavit the words 'as he is informed and verily believes' is not sufficient, unless the affiant is resworn to the affidavit. *People v. Shockley,* 311 Ill. 255.

"The objection to the sufficiency of an affidavit to the information may be raised by a motion to quash or in arrest. *People v. Arey,* 318 Ill. 305. Where an information filed by the State's attorney was not supported by an affidavit it was held that the court erred in denying motions to quash and in arrest. *People v. Clark,* 280 Ill. 160."

In the case at bar the information as originally drawn was wholly insufficient to charge the plaintiff with the commission of a crime. The amendment was a matter of substance and not mere form. Under the authorities above cited the information when amended should have been resworn to. Plaintiff promptly raised the point by a motion to quash, and after con-

viction and before judgment again presented the question by a motion in arrest. He did not waive his rights in that regard but has properly preserved the question and insists upon it in this court.

The case stands in the same position as if the plaintiff had been tried upon an original information, not verified, after his motion to quash had been overruled. *People v. Billerbeck,* 323 Ill. 48.

There are many other questions raised by the complainant in error in this case, but owing to the unsatisfactory state of the record this court will not attempt to pass on any of the controverted questions, except the sufficiency of the information.

We are of the opinion that the information was not properly verified and the conviction of the defendant upon the second count of this information cannot stand.

The judgment of the county court of Hamilton county is hereby reversed and the cause remanded.

*Reversed and the cause remanded.*