The People of the State of Illinois, Defendant in Error, v. Peter San Filippo, Plaintiff in Error.

Gen. No. 7,938.

Opinion filed November 15, 1929. Rehearing denied February 4, 1930.

J. E. GOEMBEL, for plaintiff in error.

WILLIAM D. KNIGHT, State's Attorney, for defendant in error; A. B. LOUISON, Assistant State's Attorney, of counsel.

MR. JUSTICE JONES delivered the opinion of the court.

Plaintiff in error was tried and convicted in the county court of Winnebago county on an information charging the unlawful sale of intoxicating liquor. After a jury trial, he was sentenced to pay a fine of $1,000 and to be imprisoned in the county jail for a period of six months.

The only ground urged for a reversal of the judgment is that the information is insufficiently verified. The verification is as follows:

"State of Illinois, ⎱ ss.
Winnebago County. ⎰

"I, Robert E. Nash, of said County and State, being duly sworn according to law, do on oath say that the matters and things set out and stated in the within information are true.

Robert E. Nash.

"Subscribed and sworn to before me this 8th day of June, 1928.

Martha R. Freeland,
Deputy Clerk of the County Court."

It is insisted that a deputy clerk must perform all official acts in the name of his principal, and is not empowered to perform them in his own name.

The weight of authority is that while a deputy may generally perform all of the official acts which his principal can perform, every such act must be done in the name of the principal, and not in the name of the deputy. (46 C. J. Officers, sec. 381.) In *Village of Auburn v. Goodwin,* 128 Ill. 57, a surveyor's certificate signed "Cortes Fessender, Dep't Surveyor, S. Co.," was held invalid, because it was not in the name of the principal. In *Village of Augusta v. Tyner,* 197 Ill. 242, it was held that a survey and certificate made by a deputy county surveyor in his own name as deputy, and not in the name of the county surveyor, was invalid and did not have the effect to convey the fee of the street. (See *Wilder v. Aurora, DeKalb & Rockford Elec. Traction Co.,* 216 Ill. 493.) The text in 22 R. C. L. pp. 583–584 lays down the rule that the authority of a deputy must be exercised in the name of him in whom it exists and not in the name of him who has no recognized authority.

Where this doctrine prevails, whatever official act is done by a deputy must be done in the name of his principal and not in the name of the deputy. If he undertakes to act in his own name in his own authority, he no longer acts as deputy, but in an independent capacity, and his acts can no longer be recognized as official. A distinction is sometimes made between deputies who are recognized by law as independent public officers and those who are mere agents of the principal. In Illinois, the courts have held that deputy clerks of county courts belong to the latter class, and that their powers are derivative, the actual authority being given to the principal. (*Village of Auburn v. Goodwin, supra; Hope v. Sawyer,* 14 Ill. 254; *Woodward v. Donovan,* 167 Ill. App. 503.) Under the authorities, the jurat in the instant case should have been executed in the name of the clerk and not in the name of the deputy.

A prosecution upon an information which contains no sufficient verification is an invasion of a constitutional right and a denial of that right is an error for which the judgment must be reversed on a writ of error, unless the right is waived by a failure to insist upon it in the trial court. (*People v. Leinecke,* 290 Ill. 560.) Plaintiff in error made a proper objection to the defective jurat by a motion in arrest of judgment. The objection is properly preserved when raised either by a motion to quash or by a motion in arrest of judgment.

In *People v. Honaker,* 281 Ill. 295, the defendant was prosecuted under two informations charging him with desertion of his infant children. The informations were not supported by affidavits. The evidence in the two cases being identical, they were heard together under a stipulation, and the defendant was found guilty. No motion to quash the informations was made, but motions in arrest of judgment were entered and overruled by the trial court. The judgments were reversed by the Supreme Court, which held that, "The only authority for the arrest of the defendant and bringing him to trial was the warrants disregarding the bill of rights, which prohibits the issue of a warrant upon an information not supported by oath or affirmation. (*People v. Clark,* 280 Ill. 160.) To say that although the warrants were void, they furnish a sufficient basis for a trial would be trifling with constitutional rights."

In *People v. Arey,* 318 Ill. 305, the affidavit endorsed on the information was insufficient because it was based on information and belief. It is there stated that an affidavit to an information must be sworn to positively so that a charge of perjury will lie if the affidavit is false and that the objection may be made by motion to quash or in arrest. To the same effect are *People v.*

*Bell,* 212 Ill. App. 144; *People v. Ross,* 243 Ill. App. 427, 428.

It therefore appears that the conviction in this case was had under an information with a fatally defective and insufficient verification, and that objection was properly made by motion in arrest. The trial court erred in overruling the motion in arrest of judgment and on that account the judgment of conviction must be reversed.

*Judgment reversed.*