THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT LAKE, Defendant-Appellant.

First District (5th Division)   No. 76-275

Opinion filed April 7, 1977.—Rehearing denied May 11, 1977.

James J. Doherty, Public Defender, of Chicago (Sam Majerowicz and Leonard V. Solomon, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Timothy Quinn, and Michael W. Ward, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Following a bench trial, defendant was convicted of the unlawful use of weapons by possession of a loaded revolver in violation of section 24—1(a)(10) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10)), and was sentenced to six months confinement in the Department of Corrections. He contends the trial court erred when it (1) refused to allow a defense witness who had violated the court's exclusion order to testify, and (2) found him guilty beyond a reasonable doubt.

After defendant's case was called for trial, the court entered an order excluding all witnesses who would be called to testify from the courtroom. At that time Steven Clark, a defense witness, left the courtroom.

Officer Anthony O. Piola of the Chicago Police Department testified for the State. At approximately 9 p.m. on December 15, 1975, he observed defendant and Steven Clark walking from the B&O Railroad's tracks and proceeding north on the east side of the street at 345 North Pulaski Road in Chicago. From a distance of 15 feet he observed defendant, who was beneath the artificial lights of an adjoining parking lot, throw a revolver to the ground. He immediately arrested defendant and recovered from the ground approximately three feet from defendant a .22-caliber revolver, loaded with four rounds. Although they remained at the scene approximately five minutes, neither Clark nor defendant admitted he owned the gun. They were then transported in the same squadrol to the police station.

On cross-examination, Piola testified that Clark admitted at the police station the gun belonged to him. He did not have the weapon tested for fingerprints.

After the State rested defendant called Steven Clark to testify. The State objected on the grounds that Clark had been excluded by the court's order, but had reentered the courtroom during Piola's testimony. Clark stated "a man" in the corridor told him to reenter the courtroom. The court instructed Clark to "go outside and bring in the man," but a deputy sheriff stated that nobody was outside the courtoom. Defense counsel

argued that Clark's violation should be considered in weighing his testimony, but that he should be allowed to testify. The trial court sustained the State's objection.

Defendant testified that when the police approached he dropped a pocketknife and Clark dropped the gun. As they entered the squadrol Clark told Piola the gun belonged to him. Over the State's objection, he also stated Clark told the police it was his gun at the police station. He admitted that he did not tell Piola that Clark threw the gun at the scene.

In rebuttal Officer Piola testified that he continued to search the area after he recovered the gun. He did not find a knife, but he did recover knife handles from Clark's pockets.

OPINION

■■■ Defendant contends the trial court erred when it refused to allow Steven Clark, a defense witness who violated the court's exclusion order, to testify. A trial court has the power to exclude witnesses during the course of trial and to direct that they be examined out of the hearing of each other. (*People v. Jenkins* (1973), 10 Ill. App. 3d 588, 295 N.E.2d 123.) This power enables the court to compare individual and independent accounts of the facts of the case and aids the court in its determination of the credibility of witnesses and the weight of the evidence. Consequently, it is within the sound discretion of the trial court to permit a witness to testify who has violated an order excluding witnesses, and the exercise of this discretion will not be disturbed on review unless the party offering the testimony has been deprived of material testimony without his fault. *People v. Bridgeforth* (1972), 51 Ill. 2d 52, 281 N.E.2d 617; *appeal dismissed,* 409 U.S. 811, 34 L. Ed. 2d 66, 93 S. Ct. 100, 190; *People v. Viskniskki* (1912), 255 Ill. 384, 99 N.E. 621.

■■ In the instant case, defendant argues only that he was deprived of Clark's material testimony by the court's ruling. The State does not argue that Clark's reentry was defendant's fault. Although defendant represents that Clark would have testified the gun was in his possession, we note that he made no offer of proof to the trial court that Clark would have so testified. In the absence of an offer of proof we cannot say the trial court abused its discretion in refusing to allow a defense witness who had listened to the State's sole witness's testimony to take the stand. *People v. Bridgeforth* (1972), 51 Ill. 2d 52, 281 N.E.2d 617, *appeal dismissed,* 409 U.S. 811, 34 L. Ed. 2d 66, 93 S. Ct. 100, 190; *People v. Field* (1973), 13 Ill. App. 3d 74, 299 N.E.2d 754.

Moreover, this version of the events was before the trial court through the testimony of Officer Piola and defendant. Piola testified Clark stated at the police station that he had thrown the gun. Defendant testified Clark stated both at the scene and at the police station that he had thrown the

gun. Whether Clark could have given additional material testimony, as defendant now argues on appeal, is pure speculation in the absence of an offer of proof. We hold, therefore, that the trial court did not abuse its discretion by refusing to allow Clark to testify after he had violated the exclusion order.

■■ Defendant also contends he was not proved guilty beyond a reasonable doubt. Officer Piola testified that he observed defendant under good lighting conditions from a distance of 15 feet. Defendant had the loaded pistol in his possession and discarded it. Whether Clark or defendant possessed the gun was a question of fact for the fact finder who was able to observe the witnesses, to determine their credibility and to weigh the evidence. (*People v. Novotny* (1968), 41 Ill. 2d 401, 244 N.E.2d 182; *People v. Hobbs* (1975), 35 Ill. App. 3d 29, 340 N.E.2d 601.) We cannot say the evidence presented creates a reasonable doubt as to defendant's guilt sufficient to reverse the trial court's judgment.

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.