**The People of the State of Illinois, Plaintiff-Appellant, v. James Krumery, Defendant-Appellee.**

**Gen. No. 66–35.**

Fifth District.

September 8, 1966.

K. T. Hubler, State's Attorney, of Marion, for appellant.

<br>

Gordon Lambert, of Marion, for appellee.

GOLDENHERSH, P. J.

The People appeal from the judgment of the Circuit Court of Williamson County quashing a warrant, dismissing a complaint and discharging the defendant.

The facts, as stipulated, are that on January 10, 1966, the State's Attorney of Williamson County interviewed Jo Carol Krumery, the complaining witness, and based upon information obtained, prepared a criminal complaint charging that defendant "did knowingly act in such an unreasonable manner as to alarm the complainant herein, Jo Carol Krumery, and to provoke a breach of the peace." The complaint is signed by the complaining witness and acknowledged before a notary public, who is not an associate circuit judge or magistrate, her only official position being that of a notary.

After the complaint was signed and sworn to, it was presented to an associate circuit judge, who heard no testimony, and solely upon the basis of his having examined the verified complaint, ordered a warrant to issue.

Defendant was arrested, furnished bail, and moved to quash the complaint and warrant on the grounds that the complaint could not be verified before a notary public who was neither a judge nor magistrate, and the warrant could not issue solely on the basis of the court's having examined the verified complaint, and without the court first having heard evidence as required by statute. The court heard argument on the motion, entered the order and judgment above described, and The People appeal.

 The People contend that the verification of a complaint before a notary public meets the requirement of section 107–9 (b) (4) of the Code of Criminal Procedure of 1963 (c 38, § 100–1 et seq., Ill Rev Stats 1965). In Village of Willowbrook v. Miller, 72 Ill App2d 30, 217

NE2d 809, the Appellate Court for the Second District speaking through Mr. Justice Thomas J. Moran said, "Therefore, we are of the opinion that the Statute allows verification before any officer empowered to administer oaths. A complaint verified before a notary public satisfies the Statutory requirement and is sufficient to sustain a criminal prosecution." We agree with our colleagues in the Second District and hold that a complaint subscribed by the complainant and sworn to before a notary public is sufficient to meet the statutory requirement.

The People contend that the word "shall" as used in section 107-9(a), should be construed as "may," and the word "and" as used in section 107-9(c) should be construed as "or." This argument is based on the provisions of section 107-10 which provides: "A warrant of arrest shall not be quashed or abated nor shall any person in custody for an offense be discharged from such custody because of technical irregularities not affecting the substantial rights of the accused."

■ With this contention we cannot agree. The language of section 107-9(a) is clear and unequivocal and requires that upon presentation of the complaint the court "shall examine upon oath or affirmation the complainant or any witnesses." The language of section 107-9(c) is equally clear that the warrant is to be issued only "if it appears from the contents of the complaint *and* the examination of the complainant or other witnesses," that the person charged has committed an offense. As to section 107-10 we need not discuss its applicability to the irregularity of which defendant complains, nor what the General Assembly intended to include in the term "technical irregularities." The right to be arrested on a warrant issued only after there has been full compliance with the provisions of sections 107-9(a) and 9(c) is one of the "substantial rights of the accused," and is entitled to every protection provided by statute.

The judgment of the Circuit Court of Williamson County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.