(No. 39730M—

The People of the State of Illinios, Appellant, *vs.*
Laverne Harding, Appellee.

*Opinion filed March 24, 1966.—Rehearing denied May 18, 1966.*

WILLIAM B. PETTY, State's Attorney, of Mt. Carroll, for the People.

MELVIN FINER, of Mt. Caroll, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Laverne Harding, was arrested on November 6, 1965, and charged with reckless driving. On Monday, November 8, he appeared in court in the custody of the sheriff and pleaded guilty. The plea of guilty was accepted and entered of record, and the matter was continued for sentencing. On November 15, he was fined $200 and costs and sentenced to imprisonment at the Illinois State Farm for a period of ninety days. The record recites that thereafter, on the same day, the defendant requested the appointment of an attorney, and that the court ascertained his indigence and appointed an attorney to represent him. Thereafter, also on November 15, his appointed attorney filed a written motion to vacate the judgment and in arrest of judgment. The motions were allowed, the complaint was quashed, and the defendant was discharged. Questions arising under the constitutions of the United States and of this state are involved, and the People have appealed directly to this court.

The complaint upon which the defendant was charged was an "Illinois Uniform Traffic Ticket and Complaint" in the form referred to in the Rule of this court which relates to "Procedures in traffic cases, quasi-criminal cases and certain misdemeanors." (S.H.A. chap. 110, par. 102.1ff; see Ill. Rev. Stat. 1965, chap 16, pars. 81-85.) The preface to that rule recites that it "has been prepared by the Conference of Chief Circuit Judges, and, at the request of the Conference, is adopted by the Supreme Court of Illinois, * * * effective February 15, 1964." Paragraph C of the Rule is as follows: "The form of the traffic ticket and

complaint to be used shall be uniform in counties of the first and second class and shall be in the form presently designated as, 'Illinois Uniform Traffic Ticket and Complaint Jan. 1964 Rev.', adopted and in use by the Department of Public Safety—Division of State Highway Police, and as the same may be hereafter revised. The uniform traffic ticket and complaint shall be adapted by appropriate designation to the municipality using the same." 28 Ill.2d xxxviii.

The defendant's motion to vacate or arrest the judgment attacked the constitutional sufficiency of the traffic ticket-complaint which was referred to in the rule adopted by this court, as well as the validity of the rule. That attack is renewed in this court. The defendant asserts that the constitutions of the United States and of Illinois require that a complaint which charges a criminal offense for which a jail sentence may be imposed must be verified. The Illinois Uniform Traffic Ticket and Complaint, referred to in the rule adopted by this court does not contemplate verification, and the traffic ticket-complaint filed in this case was not verified. The defendant therefore argues that the rule is invalid, that the trial court was without jurisdiction and that the judgment was therefore properly vacated. Additional constitutional objections, going to the adequacy of the complaint to inform the defendant of the specific conduct with which he was charged, to an alleged violation of the equal protection clause and to other matters, were advanced by the defendant; but in the view we take of the case it is not necessary to consider them.

It is the defendant's contention that the 4th amendment to the constitution of the United States and section 6 of article II of the constitution of Illinois both require that in all cases a complaint which charges criminal conduct must be verified. As it bears upon this point the language of the federal and state constitutions is identical. The 4th amendment provides: "The right of the people to be secure

in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

So far as they are pertinent to this case, the terms of the constitutional provisions apply only to the issuance of a warrant authorizing a seizure of the person—an arrest. While they require a sworn complaint as a prerequisite to the issuance of an arrest warrant, they do not purport to lay down any jurisdictional prerequisites governing the institution of a criminal prosecution. In the federal courts a sworn complaint is apparently required only when it serves as a basis for the issuance of an arrest warrant. "If the fourth amendment makes it necessary that, under all circumstances, an information must be verified or supported by an affidavit showing probable cause, then proceedings had in the prosecution of the defendant cannot be sustained. But the right secured to the individual by the fourth amendment, as we understand it, is not a right to have the information, by which he is accused of crime, verified by the oath of the prosecuting officer of the government or to have it supported by the affidavit of some third person. His right is to be protected against the issuance of a warrant for his arrest, except 'upon probable cause supported by oath or affirmation,' and naming the person against whom it is to issue. If the application for the warrant is made to the court upon the strength of the information, then the information should be verified or supported by an affidavit showing probable cause to believe that the party against whom it is issued has committed the crime with which he is charged. But, if no warrant has issued, no arrest been made, and the person has voluntarily appeared, pleaded to the information, been tried, convicted, and fined, we fail to discover wherein any right secured to him by the fourth amendment has been infringed." *Weeks* v. *United States,* (2d cir.,) 216 Fed. 292,

302.) This view was apparently approved in *Albrecht* v. *United States*, 273 U.S. 1, 71 L. Ed. 505.

The decisions of this court have consistently required a sworn information or complaint, or an indictment, as a prerequisite to the issuance of an arrest warrant. Sometimes, however, the language of the opinions has gone further and appears to have laid down an additional requirement that a sworn complaint or an indictment is essential to the prosecution of a criminal case. What was said in *People ex rel. Bain* v. *Meyering*, 347 Ill. 344, 346-47, is illustrative: "Section 6 of article 2 of the constitution of this State provides in part, 'no warrant shall issue without probable cause, supported by affidavit.' This section of the constitution has been many times construed by this court, and it has been uniformly held that no person may be arrested and held to answer a charge of crime other than on a sworn complaint before a judge or justice of the peace, or an indictment returned by a grand jury duly sworn and impaneled, or by presentment of not less than two members of such grand jury, or by verified information of the State's attorney or Attorney General in certain cases. (*People* v. *Leinecke*, 290 Ill. 560; *People* v. *Clark*, 280 id. 160; *Housh* v. *People*, 75 id. 487; also, Smith's Stat. 1931, chap. 38, pars. 662, 664, 711, 721.) The only exceptions to these requirements arise in cases where the arrest or seizure is made by an officer in whose presence the crime is committed or who has reasonable ground for believing that the person arrested was implicated in the commission of a crime, (*People* v. *Caruso*, 339 Ill. 258; *People* v. *Swift*, 319 id. 359; *Lynn* v. *People*, 170 id. 527; *North* v. *People*, 139 id. 81;) *and even then a sworn complaint or indictment must follow before the court can take jurisdiction.*" (Emphasis supplied.)

No authority is cited for the italicized statement. A similar remark appears in *People* v. *Clark*, 280 Ill. 160. There the court held invalid a provision of the County Court Act which, with respect to offenses cognizable in county

courts, had authorized an unsworn information by the State's Attorney or the Attorney General. The tenor of the opinion makes it clear that the court was concerned with the fact that the defendant had been arrested on a warrant which was issued on an unsworn information filed by the State's Attorney. For example, the court said: "The only authority for the arrest of the plaintiff in error and holding her for trial was the *capias* or warrant, and the only foundation for the warrant was the information. To comply with section 6 of the bill of rights, and the laws of this State as construed and announced in the foregoing decisions, either the information itself must be sworn to or there must be a sworn complaint or affidavit charging a violation of the law before a warrant can issue." (280 Ill. at 165.) In the course of its opinion, however, the court also stated: "The only other instance where an arrest or seizure is at all justifiable is where an offense is committed in the presence of the officer or person making the arrest, *and in such case there must be a sworn complaint or indictment before trial to set the machinery of the law in motion."* (Emphasis supplied.) 280 Ill. at 166.

In *People* v. *Shockley,* 311 Ill. 255, an information filed by the State's Attorney was verified on information and belief. The court held that such a verification was insufficient and that it was error to deny the defendant's motion to quash it. The opinion of the court is somewhat ambiguous. A *capias* based upon the defective information had been issued for the arrest of the defendant, and his motion in arrest of judgment had asserted: "The information upon which [the] warrant issued and the defendant was arrested and tried was not supported by affidavit as provided" by the federal and state constitutions. But the opinion did not emphasize the significance of the defective information as it related to the arrest of the defendant. Rather, immediately after stating the defendant's contention "that his constitutional right was violated by forcing him to trial

upon an information not supported by affidavit", the opinion continued, "An affidavit on information and belief is not sufficient. (*People* v. *Clark*, 280 Ill. 160; *Lippman* v. *People*, 175 id 101.)" The *Clark* case has already been discussed, and the *Lippman* case involved the validity of a search warrant. The impression that the opinion was intended to assert the proposition that a defendant's constitutional right is violated if he is "forced to trial" upon an unsworn information was perhaps heightened by the dissent of Mr. Justice Thompson, which stated: "The constitution authorizes the prosecution of minor misdemeanors by information and it leaves the details governing such prosecutions to the legislature. It is true that 'no warrant shall issue without probable cause, supported by affidavit;' but suppose the prisoner is arrested without a warrant, as he may be under the common law and under the statutes of the State; what is there in the constitution that requires the complaint or information on which he is prosecuted to be supported by affidavit?" 311 Ill. at 257-8.

It is upon the language of the *Meyering, Clark* and *Shockley* cases that the defendant has primarily relied to support his assertion that the complaint in this case is constitutionally defective because it was not verified. Those decisions however, like all others, must be read in the light of the factual situation before the court. In each of them the court was called to determine the validity of an arrest warrant issued without a sworn complaint, when tested against the constitutional requirement. None of them involved the validity of a complaint which followed an arrest without a warrant, as did the complaint in this case. The constitutional provisions do not purport to govern such a situation, and the considerations that dictate safeguards against the promiscuous use of arrest warrants do not extend to the form and content of the document by which the prosecution of a criminal offense is initiated.

We hold, therefore, that the constitutional provisions

upon which the defendant relies should not be extended to require a sworn complaint as a jurisdictional prerequisite to the prosecution of a criminal offense. To the extent that the language in *Meyering, Clark* and *Shockley,* and in other decisions, might be thought to have asserted such a constitutional requirement, that language is not adhered to. Indeed it seems likely that the expressions used in those cases were intended not as the assertion of a constitutional requirement, but rather as a recognition of the long-standing statutory provision which required that a criminal complaint be reduced to writing and be subscribed and sworn to by the complainant. Ill. Rev. Stat. 1961, chap. 38, par. 663; cf. Revised Laws of Illinois, 1827, p. 170.

The Code of Criminal Procedure, enacted in 1963, retains the substance of the former statutory provisions with respect to the issuance of arrest warrants upon complaints and informations. (Ill. Rev. Stat. 1965, chap. 38, par. 107—9.) But it also provides for the use of a summons, or a notice to appear, as "procedures for getting persons into court without the necessity and inconvenience of an immediate arrest." (S.H.A.,. chap. 38, pars. 107.11; 107.12, Committee Comments.) Although, as we have held, there is no constitutional requirement that a complaint must be verified in order to sustain a criminal prosecution, the Code continues the statutory requirement of a sworn complaint. Ill. Rev. Stat. 1965, chap. 38, par. 111—3(b).

In many decisions it has been held that a complaint, defective because it was not verified, or verified upon information and belief, did not affect the jurisdiction of the court and that the right to be charged by a properly verified information can be waived. (See, *e.g., People* v. *Duyvejonck,* 337 Ill. 636; *People* v. *Billow,* 377 Ill. 236; *People* v. *Powers,* 283 Ill. 438.) So far as the objection of want of verification is concerned, therefore, the unverified traffic ticket complaint used in this case would have sufficed to give the court jurisdiction if the defendant had waived the objection

by going to trial without raising it, or by a plea of guilty.

The adoption by this court of the rule which authorized the use of the unverified form of Illinois Uniform Traffic Ticket and Complaint was not intended to dispense with the statutory requirement of a verified complaint, and we hold that a defendant who does not waive, by plea of guilty or by proceeding to trial without objection, the defective verification of a complaint, is entitled to be prosecuted upon a complaint which states upon the oath of the complainant the facts constituting the offense charged. In the case before us the People were accorded an opportunity to file an amended complaint after the objection was raised. They did not do so, but elected to stand by the unverified complaint.

In this case the defendant had entered a plea of guilty. Ordinarily that plea would have waived his right to attack the sufficiency of the unverified complaint. But the motion to vacate alleged that the defendant had pleaded guilty without adequate admonition as to the consequences of his plea and in response to the arresting officer's representation that the usual penalty for a first offense was a $25 fine. In addition, the opinion of the trial judge indicated that he entertained doubts as to the mental competency of the defendant to stand trial. For the reasons stated the judgment of the circuit court of Carroll County is affirmed.

*Judgment affirmed.*