THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LESLIE AUDI, Defendant-Appellant.

Fifth District   No. 77-473

Opinion filed May 15, 1978.

Hogan & Jochums, of Murphysboro, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish and John A. Clark, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Leslie Audi appeals from the judgment of the circuit court of Jackson County finding her guilty of delivery of a controlled substance in violation of Ill. Rev. Stat. 1975, ch. 56½, par. 1401(b) on September 27, 1976, October 19, 1976, and November 3, 1976. After a bench trial the defendant was sentenced to serve concurrent terms of 5 years probation for each offense, fined $1,000 per offense and ordered to reimburse the Metropolitan Enforcement Group of Southern Illinois $150. As a condition to her probation defendant was ordered to serve a 30-day period of incarceration, which condition was stayed pending appeal.

We have carefully examined the defendant's brief and conclude that only one issue merits discussion. Defendant contends that the informations charging the three offenses of delivery of a controlled substance were improperly verified; hence the defendant's conviction may not stand. The record indicates that defendant was first charged with the above-named offenses by complaints dated January 31, 1977, and sworn to upon positive oath by Fran Emery, an agent of the Metropolitan Enforcement Group of Southern Illinois.

On February 14, 1977 defense counsel objected to the arraignment irregularity alleging, *inter alia*, that defendant had not theretofore wavied her right to prosecution by indictment or information. (Ill. Rev. Stat. 1975, ch. 38, par 111—2(a).) On March 17, 1977, the trial court granted defendant's motion dismissing the complaints but held that probable cause to arrest the defendant had been established on January 3, 1977; therefore, defendant was properly placed under bail. Pursuant to the court's order, informations against the defendant were filed on March 22, 1977. These informations, verified on information and belief only, were signed by the assistant State's Attorney, John R. Clemons. Defendant promptly moved to dismiss the informations on the basis that an assistant State's Attorney has no authority or power to charge an accused by way of information and that, in any case, a positive oath is mandated by statute. On April 13, 1977, the court denied defendant's motion and on June 22, 1977, the case proceeded to trial.

■■ Defendant cites no authority for her first contention, that an information signed by an assistant State's Attorney is null and void. To the contrary, we believe that a deputy or assistant prosecutor has the power and authority to sign an information. Generally, an assistant State's

Attorney is clothed with all the powers and privileges of the State's Attorney so that acts done by him in that capacity are regarded as done by the State's Attorney himself. (27 C.J.S. *District & Prosecuting Attorneys* §30(1) (1959); *People v. Nahas*, 9 Ill. App. 3d 570, 292 N.E.2d 466.) Prior to the restructuring of our court system it was undisputed that an assistant State's Attorney could sign an information in the county court. (*People v. White*, 24 Ill. App. 2d 324, 164 N.E.2d 823, *aff'd*, 21 Ill. 2d 373, 172 N.E.2d 794.) We see no reason why an assistant prosecutor should not be so empowered generally; surely the legislature could not have intended that the State's Attorney himself sign all documents leaving his office. In construing the statutory use of the term "State's Attorney" as it appeared in section 14—2 of the Criminal Code concerning the use of an eavesdropping device, the court in *People v. Nahas*, 9 Ill. App. 3d 570, 576, 292 N.E.2d 466, stated:

> "We believe that the legislative purpose in creating the office of Assistant State's Attorney (Sec. 18, ch. 53, Ill. Rev. Stat.), was to provide an official who should have full power to act in the case of the absence or sickness of the State's Attorney, or in the case of his being otherwise engaged in the discharge of the duties of office, in the same manner and to the same extent that the State's Attorney could act, and we also believe that the General Assembly in using the term, 'a State's Attorney' did intend that an assistant could act."

So also do we believe that in defining an "information" as "a verified written statement signed by a State's Attorney" (Ill. Rev. Stat. 1975, ch. 38, par. 102—12), the General Assembly intended a corresponding authority to exist in an assistant State's Attorney.

■■ The critical question is whether defendant's motion to quash the information should have been granted and, if so, whether the court committed reversible error in allowing the case to proceed to trial and conviction. Section 111—3(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(b)) provides that "an information shall be signed by the State's Attorney and sworn to* * *." Illinois courts have long required the initiation of prosecution on positive oath rather than a mere statement on information and belief. (*People v. Arey*, 318 Ill. 305, 149 N.E. 277, and cases cited therein.) Moreover, we have previously held that the requirements of section 111—3 are mandatory, not directory only *People v. Troutt*, 51 Ill. App. 3d 656, 366 N.E.2d 370.

■■ Although earlier cases tend to confuse the nature of this right, the supreme court in *People v. Harding*, 34 Ill. 2d 475, 216 N.E.2d 147, explained that its source is statutory and not constitutional as had been intimated. Nevertheless, a defendant who does not waive the defective verification is entitled to be prosecuted upon a charge which states on

oath the facts constituting the offense charged. (*Village of Willowbrook v. Miller,* 72 Ill. App. 2d 30, 217 N.E.2d 809.) The appropriate remedy for violation of this right consists of quashing the information, or the complaint as in *Harding* and *Willowbrook*. We quote with approval the court's rationale in *Willowbrook*:

> "We, therefore, adopt the ruling of the Harding case and hold that while there is no constitutional requirement that a complaint be verified in order to sustain a criminal prosecution, nevertheless, if the statutory deficiency of want of verification is raised by appropriate pretrial motion or objection, the prosecution can only proceed on a verified complaint. The want of verification having been appropriately raised in the case before us, the unverified complaint cannot sustain the judgment, and it is, accordingly, reversed." 72 Ill. App. 2d 30, 34.

For the foregoing reasons, we reverse the judgment of the circuit court of Jackson County.

Reversed.

EBERSPACHER, P. J., and KARNS, J., concur.