(No. 50930.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. LESLIE AUDI, Appellee.

*Opinion filed March 20, 1979.—Rehearing denied May 30, 1979.*

William J. Scott, Attorney General, of Springfield, and Howard L. Hood, State's Attorney, of Murphysboro (Donald B. Mackay, Melbourne A. Noel, Jr., and Dale M. Bennett, Assistant State's Attorneys, of Chicago, and Raymond F. Buckley, Jr., and Keith P. Vanden Dooren, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

Hogan & Jochums, of Murphysboro, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

After a bench trial in the circuit court of Jackson County, defendant, Leslie Audi, was convicted on three counts of delivery of a controlled substance (heroin) in violation of section 401(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(b)). She was sentenced to concurrent terms of 5 years' probation, the first 30 days of which were to be

served in the county jail, fined $1,000 on each offense, and ordered to reimburse the Metropolitan Enforcement Group of Southern Illinois the $150 used to purchase the heroin. The appellate court reversed (61 Ill. App. 3d 483), and we allowed the People's petition for leave to appeal.

In reversing the judgment the appellate court held that the informations upon which defendant's convictions were based were improperly verified. The printed forms upon which the informations were drawn were signed by the assistant State's Attorney, who stated that the facts charging the crime were "true and correct to the best of his information and belief." The appellate court held that the provision of section 111—3(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(b)) that "an information shall be signed by the State's Attorney and sworn to" was mandatory, and not directory only, and that *People v. Arey* (1925), 318 Ill. 305, "required the initiation of prosecution on positive oath rather than a mere statement on information and belief." 61 Ill. App. 3d 483, 485.

The People contend that *Arey* and the cases upon which it was based should be overruled, and that, assuming the validity of *Arey,* any error in these informations was harmless beyond a reasonable doubt.

An examination of the authorities persuades us that there is no constitutional requirement that an information be verified and that the necessity for verification rests upon the provisions of section 111—3(b). In *Weeks v. United States* (2d Cir. 1914), 216 F. 292, the court reviewed the early authorities (4 W. Blackstone, Commentaries *309, *310) and concluded that the King's Attorney General possessed the right to prosecute by information without application to any tribunal and without verification; that the duties and powers of prosecuting attorneys in this country are similar to those exercised by the English Attorney General; and that as the

common law developed in this country, informations filed by a prosecuting attorney need not be verified by oath. In *Long v. People* (1890), 135 Ill. 435, it was held that no verification was necessary except where the information is by someone other than the State's Attorney or Attorney General. Later cases, which hold to the contrary *(People v. Clark* (1917), 280 Ill. 160; *People v. Shockley* (1924), 311 Ill. 255; *People v. Arey* (1925), 318 Ill. 305; *People ex rel. Bain v. Meyering* (1931), 347 Ill. 344) "must be read in the light of the factual situation before the court. In each of them the court was called to determine the validity of an arrest warrant issued without a sworn complaint, when tested against the constitutional requirement. None of them involved the validity of a complaint which followed an arrest without a warrant, as did the complaint in this case. The constitutional provisions do not purport to govern such a situation, and the considerations that dictate safeguards against the promiscuous use of arrest warrants do not extend to the form and content of the document by which the prosecution of a criminal offense is initiated.

"We hold, therefore, that the constitutional provisions upon which the defendant relies should not be extended to require a sworn complaint as a jurisdictional prerequisite to the prosecution of a criminal offense. To the extent that the language in *Meyering, Clark* and *Shockley,* and in other decisions, might be thought to have asserted such a constitutional requirement, that language is not adhered to." *People v. Harding* (1966), 34 Ill. 2d 475, 481-82.

This appeal presents the narrow question whether an information charging an offense must be verified by positive oath or whether it is sufficient that it be verified on the State's Attorney's information and belief.

One reason frequently given for requiring a positive oath was that it was necessary in order that perjury charges lie against a State's Attorney who knew that the facts stated in the information were false. (See, *e.g., People v.*

*Shockley* (1924), 311 Ill. 255, 256; *People v. Arey* (1925), 318 Ill. 305, 306.) An oath on information and belief, if made with knowledge of its falsity, renders its maker equally susceptible to prosecution for perjury (Ill. Rev. Stat. 1977, ch. 38, par. 32—2). To require every State's Attorney or assistant State's Attorney to have personal knowledge of the facts in each of the informations filed is probably impossible and, in any event, highly impractical. (*People v. Kennedy* (1922), 303 Ill. 423.) Either a positive oath or an oath on information and belief provides sufficient safeguard against the evil sought to be eliminated—the indiscriminate filing of informations without adequate factual bases.

For the reasons stated the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*