THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LESLIE AUDI, Defendant-Appellant.

Fifth District    No. 78-248

Opinion filed June 22, 1979.—Rehearing denied July 24, 1979.

JONES, J., specially concurring.

Hogan and Jochums, of Murphysboro, for appellant.

William A. Schuwerk, Jr., State's Attorney, of Chester (Raymond F. Buckley, Jr., and Curtis L. Blood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant appeals from her conviction of unlawful possession of a controlled substance, entered upon a jury verdict of guilty in the Circuit Court of Randolph County. Defendant was arrested without a warrant on

December 2, 1977, while attempting to visit an inmate at Menard State Penitentiary. A routine pat-down of incoming visitors by prison personnel in the waiting room adjoining the visiting area revealed seven blue tablets in defendant's jacket pocket. The pills were identified as diazepam, commonly known as valium. After being informed of her Miranda rights by the penitentiary's internal investigator, defendant admitted to him that she had carried the pills into the waiting area. The investigator placed the tablets in an envelope and called the State Police.

The officer who arrived at the scene received the envelope, arrested defendant, and advised her of her rights. Defendant acknowledged to the officer that she had possessed the tablets. The trooper then transported defendant and the envelope of pills to the county jail for processing. When the officer left the booking area for a moment, defendant tore open the envelope and swallowed six of the seven tablets. Upon the officer's return, defendant told him what she had done, declaring that her purpose had been to destroy the evidence.

On the same day that she was arrested, defendant was released on bail. An information was filed against her on December 19, 1977, and an arraignment was held that same day. At a preliminary hearing on December 27, 1977, the court found probable cause for defendant's prosecution.

The information, signed by an assistant state's attorney, "inform[ed] the court that defendant knowingly and unlawfully had in her possession less than 30 grams of a substance containing Diazepam, a controlled substance." Underneath the assistant's signature was a jurat signed by a notary public, reading simply, "Subscribed and sworn to before me this 19th day of December, 1977."

Defendant argues that the information was defective in that it was executed by an assistant State's attorney rather than the State's attorney himself. Her further argument concerns the sufficiency of the oath on the information. She maintains that a positive verification rather than a jurat attesting to the authenticity of the assistant's signature is required.

*People v. White*, 21 Ill. 2d 373, 172 N.E.2d 794 (1961), is dispositive of the signature issue. In *White* the supreme court held that an assistant State's attorney is cloaked with sufficient authority to initiate prosecution by signing an information. In *People v. Audi*, 61 Ill. App. 3d 483, 378 N.E.2d 225 (1978), involving the same defendant, we likewise held that an assistant State's attorney is authorized to sign an information.

■■ Asserting that a positive oath is necessary to verify an information, defendant cites section 111—3(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(b)) for the proposition that "* * * an information shall be signed by the State's Attorney and sworn to by him or another.* * *" It is settled that the mandate for verification

is statutory rather than constitutional in origin. *People v. Audi,* 75 Ill. 2d 535, 389 N.E.2d 534 (1979); *People v. Harding,* 34 Ill. 2d 475, 216 N.E.2d 147 (1966).

■■ The purpose of the oath requirement, as explained by the supreme court in *Audi,* is to hold answerable on pain of perjury an individual who swears to an information. Section 5 of "An Act to revise the law in relation to oaths and affirmations" (Ill. Rev. Stat. 1975, ch. 101, par. 5) provides:

> "All oaths, affirmations, affidavits and depositions, administered or taken as provided in this act, shall subject any person who shall so swear or affirm willfully and falsely, in matter material to any issue or point in question, to the like pains and penalties as are inflicted by law on persons convicted of willful and corrupt perjury."

As liability for falsehood may arise regardless of the wording of an oath, distinction among the types of oaths is not crucial.

We note that in defining an "information," the legislature required verification but did not prescribe a specific form. Had the legislature intended to designate a particular type of oath, it could have done so. Indeed, the legislature has indicated by its definition of "oath" that an informal affirmation will suffice: "The word 'oath' shall be deemed to include an affirmation, and the word 'sworn' shall be construed to include the word 'affirmed.' " Ill. Rev. Stat. 1975, ch. 131, par. 1.12.

We have discerned that the purpose of verification is the pursuit of truth, so that courts are not involved in groundless proceedings nor defendants subject to frivolous prosecutions. Concern with the precise nature of the oath diminishes in light of the preliminary hearing, a judicial inquiry into probable cause for prosecution. The preliminary hearing interposes an additional means of testing veracity. (Ill. Rev. Stat. 1975, ch. 38, pars. 102—17, 109—3.) A preliminary hearing is constitutionally required whenever a prosecution is initiated by means of an information. Article I, section 7 of the Illinois Constitution of 1970 provides that "[n]o person shall be held for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause." Ill. Const. 1970, art. I, §7.

■■ Defendant alleges that the State's chemical analysis of the diazepam tablet destroyed the evidence against her and deprived her of an opportunity to present her case to the jury. We find no merit to this argument given the facts before us. This is not a case where the State tested a small sample of evidence and unnecessarily destroyed the balance. (See *People v. Taylor,* 54 Ill. App. 3d 454, 369 N.E.2d 573 (1977); *People v. Dodsworth,* 60 Ill. App. 3d 207, 376 N.E.2d 449 (1978).) A

chemist in the State crime laboratory testified that destruction of the tablet was an inevitable result of chemical analysis; that the laboratory test required reducing the tablet to powder in order to isolate and measure the controlled substance therein by eliminating the residue. Once broken down for analysis, the tablet could not be reconstituted. Defendant herself is responsible for the situation that only one tablet remained to be tested. She cannot be heard to complain that her own destruction of the evidence deprived her of the right to produce it in court.

■■ Finally, defendant argues that her sentence of 2 to 6 years imposed on May 24, 1978, was improper and excessive. We have reviewed the sentence imposed under section 5—5—4.1 of the Unified Code of Corrections, as amended (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—5—4.1) applicable to our consideration of defendant's sentence, and our decision in *People v. Choate*, 71 Ill. App. 3d 267, 389 N.E.2d 670 (1979), and conclude that the presumption in favor of the propriety of the sentence has not been overcome. In light of defendant's criminal record and her presentence report, and considering that defendant had the drug in her possession inside a penal institution, we find nothing in the record to demonstrate that the sentence imposed was improper. Defendant's conviction and sentence are affirmed.

For the reasons stated above, the judgment of the Circuit Court of Randolph County is affirmed.

Affirmed.

G. MORAN, P. J., concurs.

Mr. JUSTICE JONES, specially concurring:

I question the efficacy of *People v. Choate* and accordingly do not agree with the concluding paragraph of the majority opinion. However, since I believe the proper result has been reached under the applicable law, I nevertheless concur with the result.