THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AMOS J. REHBERGER *et al.*, Defendants-Appellants.

Fifth District    No. 78-449

Opinion filed July 12, 1979.—Rehearing denied August 7, 1979.

Hogan and Jochums, of Murphysboro, for appellants.

William B. Ballard, Jr., State's Attorney, of Jonesboro (Raymond F. Buckley, Jr., and Martin Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendants, Amos and Jeffrey Rehberger, were jointly tried before a jury in Union County on several consolidated cases. After the jury had deliberated approximately 11 hours without reaching unanimous decisions on all the charges against them, the court declared a mistrial and discharged the jury. Three and one-half months after the declaration of mistrial, the court entered judgment on four of the charges, aggravated battery and resisting a peace officer for Amos and resisting a peace officer and speeding for Jeffrey. Both defendants appeal, raising two primary issues: whether the informations upon which they were prosecuted were defective; and whether the court improperly entered judgment on verdicts after the declaration of a mistrial.

At trial the State sought to prove the commission of three offenses by each defendant. Amos was tried for aggravated battery, aggravated assault and resisting a peace officer, and Jeffrey was tried for aggravated battery, resisting a peace officer and speeding. The jury retired to deliberate on these charges at 11:45 a.m. on April 5, 1978. At 10:55 p.m., the jury sent a note to the trial judge, commencing a series of such communications. In the first note from the jury it was stated that the jurors had reached a decision on four of the six charges but seemed hopelessly deadlocked as to the remaining two charges. In accordance with the request of defense counsel, the court responded with a note which asked the jury to list the charges upon which it had reached a decision without telling what the verdicts were. The jury complied with this request by listing resisting a peace officer and speeding as to Jeffrey and resisting a peace officer and aggravated battery as to Amos.

The jury was then called back into court. In response to questioning by the trial judge, the forelady of the jury indicated that even if given

further time to deliberate there would not be a reasonable possibility that the jurors could reach a decision on the remaining charges. They had taken numerous ballots as to the offenses and the split among the jurors over them had remained the same since late afternoon. After all 11 other jurors responded that further deliberations would be useless, the court declared a mistrial and discharged the jurors.

On April 10, 1978, the defendants filed a motion to dismiss the charges against them, alleging that statutory and constitutional double jeopardy provisions barred any retrial on the charges. A motion by defendants' attorney to withdraw as counsel was granted in May, and on July 21, 1978, defendants appeared with new counsel for a hearing on the motion to dismiss charges. At this hearing the trial judge indicated that he had determined since the time of trial that he could have entered judgment on the four offenses upon which the jurors had reached an agreement. The judge then read aloud and accepted four verdict forms which had been file stamped and locked up by the clerk at the conclusion of the trial in April. The defendants' motion to dismiss was denied, and on September 22 the court sentenced Jeffrey Rehberger to fines of $100 and $50 respectively for resisting a peace officer and speeding and sentenced Amos Rehberger to a one-year term of probation and $2,000 fine for aggravated battery and a $500 fine for resisting a peace officer.

■■ The defendants' first contention is that the informations in this case were defective in that they were executed by an assistant State's Attorney rather than the State's Attorney himself. This contention has twice been rejected in this court in cases involving the attorney who represents defendants here, and the first rejection came in an opinion filed eight months before the filing of defendants brief in this case. (See *People v. Audi* (1978), 61 Ill. App. 3d 483, 378 N.E.2d 225.) As was stated in our recent opinion of *People v. Audi* (1979), 73 Ill. App. 3d 568, ___, ___ N.E.2d ___, ___:

> "*People v. White*, 21 Ill. 2d 373, 172 N.E.2d 794 (1961) is dispositive of the signature issue. In *White* the supreme court held that an assistant state's attorney is cloaked with sufficient authority to initiate prosecution by signing an information. In *People v. Audi*, 61 Ill. App. 3d 483, 378 N.E.2d 225 (5th Dist. 1978), ° ° ° we likewise held that an assistant state's attorney is authorized to sign an information." 73 Ill. App. 3d 568, ___, ___ N.E.2d ___, ___.

Defendants' next contention is that the court was without authority to enter judgment on four verdict forms which had not been returned in open court before a mistrial was declared and the jury was discharged. We agree.

Before stating our reasoning, however, we will address the State's contention that defendants are estopped from arguing untimely reception

of verdicts because they procured the error of the court in declaring a mistrial as to all of the charges. This argument is based on certain remarks made by the trial judge at the July 21 hearing which indicated that he felt the record would reflect that he had been misadvised at trial by the defense attorney and assistant State's Attorney that the jury had to reach verdicts on all of the counts before he could accept verdicts on any of the counts. To the contrary, the report of proceedings provides no indication that the trial judge was misled about the law with respect to mistrials by the defense attorney. Considering the state of the record in this case, it would be manifestly unfair to find this issue to be barred merely on the basis of the trial judge's post-trial remarks. This we decline to do.

It is fundamental that no judgment following a jury trial is valid unless it was entered upon a properly returned verdict. The basic question presented in this case is whether in view of the circumstances surrounding the return of the instant "verdicts," the judgments entered upon them are valid. We find that they are not.

■■ The finding of a jury does not become a verdict until it has been received, accepted by the court and recorded of record. (*People v. Wilson* (1972), 51 Ill. 2d 302, 281 N.E.2d 626; *People v. Chisum* (1975), 30 Ill. App. 3d 546, 333 N.E.2d 546.) In other words, a verdict is not final until pronounced and recorded in open court. (*Nomaque v. People* (1825), 1 Ill. (Breese) 145; *Crotty v. Wyatt* (1879), 3 Ill. App. 388; *Catholic Order of Foresters v. Fitz* (1899), 181 Ill. 206, 54 N.E. 952.) That the most essential element to the making of a verdict is its pronouncement in open court is evident from the fact that various technical deficiencies in the written verdict may be overlooked so long as the verdict is read in open court in the presence of all of the jurors so that they may show their assent to it. See, *e.g., Scheck v. Evanston Cab Co.* (1968), 93 Ill. App. 2d 220, 236 N.E.2d 258; *Patterson v. Dempsey* (1954), 2 Ill. App. 2d 291, 119 N.E.2d 516.

■■ The opportunity for jurors to show their assent or dissent to a verdict is basic to our system which requires unanimity among the jurors since if any of the jurors dissents from the verdict, it cannot be recorded. (*Catholic Order of Foresters v. Fitz; Martin v. Morelock* (1863), 32 Ill. 369.) In order to ensure that a pronounced verdict is unanimous, it has long been recognized in Illinois that the parties to a lawsuit have an absolute right after the return of a verdict, but before it is accepted and recorded, to poll the jury as to whether the pronounced verdict is each individual juror's verdict (*Crotty v. Wyatt; Catholic Order of Foresters v. Fitz; Gille v. Winnebago County Housing Authority* (1969), 104 Ill. App. 2d 470, 244 N.E.2d 636, *aff'd* (1970), 44 Ill. 2d 419, 255 N.E.2d 904). This same right to poll the jurors belongs to the defendant in a criminal case

after the jury has rendered guilty verdicts. *People v. Herron* (1975), 30 Ill. App. 3d 788, 332 N.E.2d 623; *People v. Townsend* (1972), 5 Ill. App. 3d 924, 284 N.E.2d 414.

■■ In the instant case, the verdicts on the charges upon which the jurors reached agreement were never pronounced in open court in the presence of the jurors either at the conclusion of jury deliberations or before judgments were entered 3½ months later. Consequently, defendants were never afforded an opportunity to poll the jurors as to these verdicts before the court accepted them. In short, there were no final verdicts upon which the court could enter judgments. Although parties may agree to waive the right to poll the jury and have a verdict returned sealed (*Wilcox v. International Harvester Co.* (1917), 278 Ill. 465, 116 N.E. 151; *Gille v. Winnebago County Housing Authority*), defendants did not do so here, and it was, therefore, error for the trial court over defendants' objections to enter judgments on these written verdicts which had never been properly returned into open court. The magnitude of this error which circumvented each defendant's right to poll the jury is especially great since the trial judge knew at the time he declared a mistrial on all charges and discharged the jurors that they had reached agreement on four of the six charges. We hold, therefore, that the judgments of conviction against defendants must be reversed.

Our disposition of this case requires us to determine whether defendants may be retried on any of the six charges against them.

■■ Section 3—4(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—4(a)(3)) provides:

> "A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:
>
> * * *
>
> (3) Was terminated *improperly* after the jury was impanelled and sworn * * *." (Emphasis added.)

Thus, whether a second trial after a prior trial has ended in a mistrial would constitute double jeopardy, depends upon whether the court acted properly in declaring the mistrial. *People v. Partee* (1977), 52 Ill. App. 3d 178, 367 N.E.2d 188; *People v. Laws* (1963), 29 Ill. 2d 221, 193 N.E.2d 806.

■■ It is well established that a court may properly declare a mistrial and discharge a jury when it is apparent that the jury is hopelessly deadlocked (*People v. Mays* (1962), 23 Ill. 2d 520, 179 N.E.2d 654; *People v. Bean* (1976), 64 Ill. 2d 123, 355 N.E.2d 17; *People v. Partee*), and that where a trial court, absent an abuse of discretion, discharges a jury because of its failure to reach a verdict, the constitutional prohibition against double jeopardy does not bar a new trial (*People v. Partee; People v. Bean;*

*People v. Nilsson* (1970), 44 Ill. 2d 244, 255 N.E.2d 432). Since there is no question but that the jury in this case was hopelessly deadlocked in its deliberations on the aggravated battery charge against Jeffrey Rehberger and the aggravated assault charge against Amos Rehberger, the declaration of mistrial as to these charges was proper, and the State is not barred from placing defendants on trial on these charges a second time.

■■ However, our conclusion as to the four charges upon which judgments were improperly entered is different since we find that the trial court's action in declaring a mistrial on them was improper. We note initially that the trial judge, who was aware that verdicts had been reached on these four counts, could have accepted the verdicts and entered judgments upon them at the close of deliberations since in Illinois if a jury is unable to agree on all charges contained in an indictment, the court may receive verdicts as to some but not all of the charges (*People v. Bean* (1975), 26 Ill. App. 3d 1090, 325 N.E.2d 679). The court chose, however, to declare a mistrial on all of the counts, including the four. The general rule as to mistrials is that a court may properly discharge a jury from giving a verdict or declare a mistrial, without giving rise to a claim of double jeopardy, whenever in the court's opinion there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. *United States v. Perez* (1824), 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165; *People v. Bean* (1976), 64 Ill. 2d 123, 355 N.E.2d 17; *People v. Laws*; *People v. Partee.*

■■ In the present case there was no manifest necessity for declaring a mistrial on these four charges nor would any end of public justice have been defeated if the court had failed to declare one. The jurors had reached agreement on these charges, and the defendant had been afforded a full trial which was free from any irregularities which could have deprived him of the fair and impartial consideration of the jury. In the absence of such interference or other such equally weighty considerations, it was improper for the court to declare a mistrial on these counts the likely result of which would be to subject the county to the additional expense necessary to retry defendants on charges upon which they had already been found guilty. Under the circumstances of this case, the court improperly terminated prosecution after jeopardy had attached on the aggravated battery and resisting a peace officer charges against Amos and resisting a peace officer and speeding charges against Jeffrey by declaring a mistrial on them. Consequently, the State is barred by section 3—4(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—4(a)(3)) from retrying defendants on these charges.

For the foregoing reasons, the judgments of conviction of the circuit court of Union County are reversed and the court's ruling on defendants'

motion to dismiss charges on double jeopardy grounds is reversed in part and affirmed in part.

Reversed in part and affirmed in part.

G. MORAN, P. J., and KASSERMAN, J., concur.