THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PIETRO ALFANO, Defendant-Appellant.

Second District    Nos. 80-48, 80-744 cons.

Opinion filed May 6, 1981.

Thomas P. Cernak, of Chicago, for appellant.

John H. Maville, State's Attorney, of Belvidere (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant was convicted by a jury of aggravated arson and arson with intent to defraud an insurer. (Ill. Rev. Stat. 1979, ch. 38, pars. 20—1.1(a)(3) and 20—1(b).) He was sentenced to the Department of Corrections for six years for the former offense and to four years probation for the latter, the sentences to be served concurrently. He filed a direct appeal which raised nine issues, among them whether the State failed to prove his guilt beyond a reasonable doubt. During the pendency of the appeal, he acquired knowledge of the fact of perjury committed by an expert witness for the State in his trial and sought a stay of proceedings in this court with an order of remand in order to present a motion for a new trial based on the fact of the perjury. His request for that relief was not allowed, and he filed a petition pursuant to section 72 in the trial court (Ill. Rev. Stat. 1979, ch. 110, par. 72), charging the State's expert witness had perjured himself. His section 72 petition was dismissed without an evidentiary hearing on the motion of the State. His appeal from that dismissal and his prior direct appeal were then consolidated for our consideration.

Following our review of the record, we determine that the dismissal of the defendant's section 72 petition must be reversed and remanded for an evidentiary hearing. We further determine that the issues raised in the direct appeal may be rendered moot if the result of the evidentiary

hearing on the section 72 petition is the grant of a new trial. Consequently, the issues raised on direct appeal shall not be considered in this opinion, save the issue of the sufficiency of the evidence which we must address whenever the issue has been raised and our decision to remand the cause may result in the grant of a new trial. *People v. Taylor* (1979), 76 Ill. 2d 289.

The defendant was charged following a fire which occurred on August 7, 1978, in the restaurant owned and operated by him and his family in Belvidere. The family occupied the second floor apartment above the restaurant. Four firemen were injured in the course of extinguishing the blaze. The State's evidence was circumstantial, and included evidence that the gross sales receipts reported by the restaurant on its monthly restaurant tax report forms were considerably less than the amounts which were deposited in the bank by the defendant and than the amounts which were shown to have been received for the five-month period January through May, 1978, in a receipts and disbursements journal which was found in a desk at the restaurant after the fire. There was considerable expert testimony at the trial which showed the fire was of an incendiary origin, and the fact of arson was not disputed at trial. The defendant denied, however, that he set the fire, testifying that he had just returned to the restaurant from the bank and was about to mop the kitchen floor when he was confronted by a masked, heavily built, gun-wielding man who put a rag over his eyes, ears, nose and mouth. The gunman stuck the gun tightly in the defendant's back, said he would kill him if he screamed, and then told him he didn't want his money but just wanted him to get out of the restaurant. The defendant testified the gunman "boxed his ears" and that he was grabbed by the back of the neck and the seat of his pants and thrown out of the restaurant. His next remembrance was being in the tavern next to the restaurant parking lot. He did not recall screaming for help or collapsing in the parking lot after coming out of the tavern.

The expert testimony given which is germane to this appeal is the testimony that was given by State witness Dennis Michaelson. The defendant's section 72 petition abstracted in detail the testimony given by Michaelson and, *inter alia*, alleged his testimony, particularly as to his expertise and qualifications, was in whole or in part false or perjured. The petition further alleged Michaelson's testimony materially affected the outcome of the defendant's trial and that he was thereby denied his right to a fair trial.

The petition was supplemented with a certified copy of a Williamson County, Illinois, information filed on June 2, 1980, against Michaelson for perjury. (Ill. Rev. Stat. 1979, ch. 38, par. 32—2.) The information charged that while under oath in the prosecution of an arson case in that county,

Michaelson testified that he had an associate degree from Wright College in Chicago, a bachelor's degree in science from Illinois Institute of Technology and 25 credit hours of post-graduate courses in physics, optics and other courses when, in fact, he does not have any such degrees or post-graduate courses. In the instant case, Michaelson similarly testified under oath that he graduated "with a BS Degree, a Bachelor's Degree in chemistry from Illinois Institute of Technology," that he "went on to graduate school" and "took roughly twenty-five credit hours of courses, mainly in physics and optics," and that he graduated from college "with honors."

The trial court dismissed the defendant's section 72 petition without an evidentiary hearing on the basis that it lacked jurisdiction to hear the petition while the direct appeal was pending. The State concedes this was an incorrect reason for the court to dismiss the petition, but points out that the correctness of the court's judgment, not its reasoning, is the question presented for review. (*People v. Fenelon* (1980), 88 Ill. App. 3d 191.) As grounds for its motion to dismiss, the State alleged *inter alia* the petition was substantially insufficient at law and relied upon conclusions, hearsay and supposition in support of its major claim of error. The State now argues on appeal these two factors justified the dismissal of the petition.

Section 72 provides that "[t]he petition must be *supported by affidavit or other appropriate showing as to matters not of record.*" (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 110, par. 72(2).) The State contends the verification of the petition by the defendant's private appellate counsel is insufficient as a matter of law to support the petition since he has no personal knowledge of the facts which would establish the allegation of perjury. (*Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478.) The State further contends the verified Williamson County information also does not satisfy the affidavit requirement since it is clear that it is "probably impossible and, in any event, highly impractical" for a State's Attorney to have personal knowledge of the facts in the information filed by him. (*People v. Audi* (1979), 75 Ill. 2d 535, *cert. denied* (1979), 444 U.S. 901, 62 L. Ed. 2d 138, 100 S. Ct. 212.) As such, the information is hearsay as it relates to the section 72 petition. Finally, the State contends that the defendant would not have been entitled to relief on the basis of his petition because the prior knowledge of this witness' perjury would likely not have prevented the judgment (*People v. Hilliard* (1978), 65 Ill. App. 3d 642), since the State also proved the fact of arson at trial through the testimony of another expert witness whose qualifications are not questioned. Thus, the State asserts that the fact of Michaelson's perjured testimony amounts to harmless error because it did not contribute to the defendant's conviction. *People v. Bracey* (1972), 51 Ill. 2d 514.

■■ The principle is well established that a section 72 petition is ad-

dressed to and invokes the equitable powers of the court as justice and fairness require. (*People ex rel. Lampkin v. Brown* (1980), 81 Ill. App. 3d 869, 873.) It is likewise recognized that dismissal of a section 72 petition will not be reversed on appeal absent an abuse of discretion. (*People v. Reed* (1980), 84 Ill. App. 3d 1030.) Further, section 72 affords a remedy to obtain relief, where warranted, from a judgment based on perjured testimony (*People v. Berland* (1978), 74 Ill. 2d 286, *cert. denied* (1979), 444 U.S. 833, 62 L. Ed. 2d 42, 100 S. Ct. 64; *People v. Jennings* (1971), 48 Ill. 2d 295), and even an innocent or unknown use of perjured testimony justifies relief from judgment. (*People v. Hilliard* (1978), 65 Ill. App. 3d 642.) Clearly, the court had jurisdiction to consider the section 72 petition despite the pendency of the direct appeal. (Ill. Rev. Stat. 1979, ch. 110, par. 72(4); *Lamere v. Vaughn* (1975), 34 Ill. App. 3d 261.) Section 72 petitions and direct appeals are not conflicting routes, but may be considered parallel and both may be followed simultaneously. (*Johnson v. Thomas* (1966), 75 Ill. App. 2d 407; accord, *Seith v. City of Wheaton* (1967), 89 Ill. App. 2d 446, 452.) The sequence in which the appeal and the petition are disposed of on appeal, however, is dictated by the facts of each case.

Because the direct appeal and the appeal of the dismissal of the petition in the instant cause were consolidated in this court, our review of the section 72 petition was enhanced by the full record on appeal; consequently, our vantage point is nearly as favorable as that of the trial judge who presided during both of the proceedings. The trial judge heard, and we read, the testimony given by Michaelson against the defendant. Although it is true that the fact of arson was proven by testimony and evidence other than that given by Michaelson, it is equally true that Michaelson was the only expert witness who testified concerning the gas chromatography analysis results of the tests performed on the clothes the defendant was wearing on the morning of the fire. According to Michaelson's testimony, gas chromatography is a very sensitive technique which produces a tracing very much like an electrocardiogram and, "if you are experienced enough," you can tell what substance the tracing represents. When a sample of a substance is placed in the instrument, the remaining steps necessary to produce the tracing, or chromatograph, are performed automatically by computer. The comparison of the chromatograph thusly produced with chromatographs of other known substances then becomes the function of a human, not the computer.

Michaelson testified all the samples of the defendant's clothes, two patches of material each from his shirt and slacks, were tested by gas chromatography analysis and he found them to contain regular, as opposed to premium, automotive gasoline in various amounts. Michaelson also testified that the fact the defendant's clothes had been laundered

prior to his analysis only would have made it more difficult for him to find the gasoline, but not impossible, and that dry cleaning fluids or detergents would not be confused with a gasoline tracing because gasoline has its own "fingerprint."

We believe that Michaelson's presentation to the jury as an "expert" witness afforded invalid and undue support to the State's theory that the defendant was the one who set the fire. The defendant testified he did not remember falling or being pushed down by the gunman in the restaurant, which might have explained the presence of gasoline on his clothes. The defendant did complain of chest pains, and the doctor who attended him said it was possible he could have sustained a blow to that area of the chest by a fall, or that a blow to his chest could have rendered him unconscious without leaving a bruise. The doctor admitted on cross-examination, though, that there was no visible evidence of tenderness in the chest area of the defendant and that his diagnosis was based on what the defendant told him when he applied pressure to the chest area.

As was stated in *People v. Martin* (1970), 46 Ill. 2d 565, 568:

> "Nor * * * does the false testimony have to relate to a material issue to fall into the field of fundamental unfairness. * * * [D]ue process is likewise denied where the falsity occurs in testimony going to the credibility of a witness." Accord, *People v. Galloway* (1974), 59 Ill. 2d 158.

Although we believe Michaelson's testimony was related to a material issue—specifically, who set the fire—his credibility as an expert witness was also of great significance. Pitting the defendant's subjective complaints of pain against the objective test results of an expert is an acceptable contest in an adversary proceeding, but only when all the players are on the official roster, and not when one is a ringer. It is of no moment that the State was unware of Michaelson's false qualifications. As stated in *People v. Shannon* (1975), 28 Ill. App. 3d 873, 878:

> "[T]he use of the State's judicial process to enforce a right of the People, the violation of which is based upon the perjured testimony of a private individual, constitutes State action whether or not the State knew that the testimony was perjured. Known to the State or not, the use of its judicial process to convict and imprison on perjured testimony is a miscarriage of justice which is abhorrent to fundamental fairness and as such is intolerable."

We agree with the State that a section 72 petition signed by defendant's counsel and unsupported either by affidavit or other appropriate showing as to matters not of record would have been insufficient to resist a motion to dismiss. We cannot agree, however, that the supplementation of the petition in this case with the verified Williamson County information against Michaelson for perjury was still insufficient to resist

the motion to dismiss. The State has cited *People v. Audi* (1979), 75 Ill. 2d 535, *cert. denied* (1979), 444 U.S. 901, 62 L. Ed. 2d 138, 100 S. Ct. 212, in support of its position that because an information is not based on the personal knowledge of the person filing the information, it is insufficient to meet the affidavit requirement of section 72. In context, however, the *Audi* court also noted:

> "One reason frequently given for requiring a positive oath was that it was necessary in order that perjury charges lie against a State's Attorney who knew that the facts stated in the information were false. [Citations.] An oath on information and belief, if made with knowledge of its falsity, renders its maker equally susceptible to prosecution for perjury. [Citation.] * * * Either a positive oath or an oath on information and belief provides sufficient safeguard against the evil sought to be eliminated—the indiscriminate filing of informations without adequate factual bases." (75 Ill. 2d 535, 538-39.)

The section 72 affidavit requirement similarly serves to eliminate such an evil. (See *Amerco Field Office v. Onoforio* (1974), 22 Ill. App. 3d 989.) We believe that under the circumstances of this case the Williamson County information constituted an "other appropriate showing as to matters not of record" which provided the court with an adequate factual basis upon which to conduct an evidentiary hearing on the petition. We hold it was error for the court to dismiss the petition, and we reverse the judgment and remand the cause for an evidentiary hearing.

We do not here rule on the other issues raised by the defendant's direct appeal except to say, as mandated by *People v. Taylor* (1979), 76 Ill. 2d 289, that we believe the evidence adduced at trial was sufficient to find the defendant guilty beyond a reasonable doubt. We decline to elaborate here on that issue with specific references to the record in the event a new trial is granted. Our consideration of the remaining issues raised on direct appeal is reserved until the conclusion of the evidentiary hearing, at which time we will decide such issues as may then be necessary or appropriate upon motion filed in this court by either party.

The judgment of the circuit court of Boone County is reversed and remanded for further proceedings with respect to the section 72 petition (No. 80-744); ruling reserved on the direct appeal (No. 80-48).

Reversed and remanded.

HOPF and LINDBERG, JJ., concur.